## Thompson *et al. versus* Lovrein, Hall & Co.

1. A husband's consent to his joinder with his wife, in her conveyance of her estate, is fully established by his sealing and signature to the deed, duly acknowledged as his act and deed.

2. Where the entire language of the deed was that of the wife alone, yet the husband signed and sealed it with her, and solemnly declared it to be his deed for the purposes contained therein, he adopted all that was before his signature, and the purpose of the law was fulfilled.

October 17th 1876.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.    WILLIAMS, J., absent.

Error to the Court of Common Pleas of *Erie county*: Of October and November Term 1875, No. 124.

This was a scire facias sur mortgage, issued by Lovrein, Hall & Co., to the use of Noble & Hall, against V. M. Thompson and Rebecca Thompson his wife.

The writ of scire facias throughout described V. M. Thompson as one of the grantors in the mortgage, the other being Rebecca his wife.

The mortgage was as follows :—

" This indenture, made the 9th day of March in the year of our Lord one thousand eight hundred and sixty-seven, between Mrs. Rebecca Thompson, of the city of Erie, county of Erie, and·state of Pennsylvania, of the first part, and Lovrein, Hall & Co., of the city, county and state aforesaid.

" Whereas, the said party of the first part, by her bond or obligation bearing date the 9th day of March, in the year of our Lord one thousand eight hundred and sixty-seven, stands bound unto the said party of the second part in the sum of eleven thousand dollars, conditioned for the payment of five thousand five hundred dollars, in manner following, to wit: in two years from the date hereof, with interest, as by the said bond and condition may more fully appear.    Now this indenture witnesseth, that the said party of the first part, in consideration of the said debt or sum of five thousand five hundred dollars, owing to the said party of the second part as aforesaid, and for the better securing the payment thereof, with interest thereon, according to the condition of the said bond, has granted, bargained and sold, and by these presents does grant, bargain and sell unto the said party of the second part, their heirs and assigns, all that certain piece of land situate in the city of Erie aforesaid, bounded and described as follows (here follows description), being the same land conveyed by James Hughes and wife to Mrs. Anna Thayer, and by Oscar C. Thayer and the said Anna Thayer his wife to the said Mrs. Rebecca Thompson, by deed of the 9th of September, A. D. 1863, with all and singular the appurtenances.    To have and to hold the said tract of land with the

[Thompson v. Lovrein.]

appurtenances unto the said party of the second part, their heirs and assigns for ever; provided always, nevertheless, that if the said party of the first part, her heirs, executors, administrators or assigns, shall pay unto the party of the second part, their heirs, executors, administrators or assigns, the sum of five thousand five hundred dollars and interest thereon, according to the condition of the above in part recited bond or obligation, then and from thenceforth these presents and every matter and thing therein contained shall cease and be utterly null and void.

"In witness wherof the said party of the first part has hereunto set her hand and affixed her seal the day and year above written.

REBECCA THOMPSON, [L. S.]
V. M. THOMPSON. 　 [L. S.]

"Sealed and delivered in presence of S. S. Spencer."

"Erie county, ss.

"Before me the subscriber, a notary public in and for the said county, personally came the above-named V. M. Thompson and Rebecca Thompson his wife, and acknowledged the above indenture to be their act and deed, to the end that the same might be recorded as such. She, the said Rebecca Thompson, being of full age, and by me, separate and apart from her said husband, duly examined and the contents of the above indenture fully made known to her, declared that she did voluntarily and of her own free will and accord, and without any coercion or compulsion on the part of her said husband, sign, seal, execute and deliver the same.

"In witness whereof I have hereunto set my hand and seal this 9th day of March, A. D. 1867.

S. S. SPENCER [L. S.],
Notary Public.
Notarial [Seal.]"

V. M. Thompson in his affidavit of defence averred that he never made, executed or delivered the deed upon which this suit purports to be brought.

The affidavit of his wife set forth: that at the time of making the above mortgage she was the wife of V. M. Thompson and that he did not join her in the same; that she never made, executed nor delivered the mortgage upon which this scire facias purports to be issued; that on the 9th of March 1867, alone and not joined by her husband, she did sign a mortgage and that the land described therein was her own separate estate in which her husband had no interest; that at the time of her attempted acknowledgment of said mortgage her husband was in the room, persuading and instructing her to sign; that she was not separately examined by the notary before whom said mortgage purported to have been acknowledged and the contents were not then and there made known to her; that she did not declare that she did voluntarily and of her own free

1 NORRIS—28

[Thompson *v.* Lovrein.]

will and accord seal and as her act and deed deliver the said conveyance, without any compulsion or coercion of her said husband, and that she never received from plaintiff any consideration for said mortgage.

It seemed that some payments had been made on the amount named in the mortgage, but in what manner and to what amount did not distinctly appear.

The defendants pleaded non est factum, payment with leave, &c.

Before trial the plaintiffs obtained leave to amend the writ by striking out the name of V. M. Thompson wherever it occurred.

On the trial before Vincent, P. J., the defendants objected to this mortgage, which was offered in evidence, because it was not the instrument set forth in the scire facias, and V. M. Thompson's name did not appear in the body of the deed as a grantor therein.

The court said : " The writ in this case describes V. M. Thompson as one of the grantors with his wife, Rebecca Thompson. The mortgage shows Mrs. Thompson as the sole grantor, recites the bond to be secured as her bond, and throughout the granting, &c., is in the singular number. The writ treats them as joint grantors in the plural number. The plaintiffs propose to show that V. M. Thompson delivered this paper to mortgagees as his act and deed. It is admitted that the mortgage was given for the debt of V. M. Thompson.

" The court has great doubts as to the validity of this instrument as the act and deed of V. M. Thompson, but he has sealed and acknowledged it and cancelled the stamp thereon, and we will admit it as the act and deed of both defendants, as far as the validity thereof is concerned, and at defendants' request seal an exception for them."

Mrs. Rebecca Thompson testified : "I owned the land mentioned in the mortgage; I signed it; my husband persuaded me to sign it; mortgage was given for some debt of my husband of which I know nothing; I received none of the money, not a dollar; I signed the mortgage in my own house, my husband the only person present when I signed; I never acknowledged the instrument before anybody; no person ever came to my house to take my acknowledgment to this instrument; I never acknowledged it before S. S. Spencer or any other person; I did sign the paper; I can't say my husband signed when I did; I did not see him sign it; I did not intend to acknowledge this, and never would have done it; have acknowledged papers before Mr. Spencer, but not this one; this one was on my house, and I did not intend to acknowledge it. In my affidavit of defence, I meant to say ' I signed it,' instead of ' attempted acknowledgment.' "

V. M. Thompson testified : " Wife owns property recited in the mortgage; I intended this mortgage to take up notes Lovrein, Hall & Co. held against me; no money paid by them; Mrs. Thomp-

[Thompson *v.* Lovrein.]

son signed mortgage in her own house in my presence; no one else present; can't recollect when I signed it; think I signed at the house after she signed; she signed and went out of the room; after she signed I took the paper and went to S. S. Spencer's office and turned down enough of the mortgage to show signatures, and said to him, 'you know my wife's signature, and I want you to make certificate,' and he made certificate attached to the mortgage; no one present that I recollect of; he hesitated to do it, and I said, 'you know her signature, and she will be down in a day or two, and you can ask her if it is all right; it will be all right;' he then certified; I then took it to Mr. Hall's house and delivered it to him, and took up my notes; unless after it was delivered to Hall, she never acknowledged it; I did not intend Mr. Spencer should read the mortgage, and turned it so he could not do it; I got my notes for the mortgage; I did not want Spencer to know what real estate I was encumbering."

S. S. Spencer testified: "I was notary public; I made certificate of acknowledgment to this mortgage; the parties acknowledged it before me; I don't recollect time, except by date of the certificate; I recollect the circumstances; V. M. Thompson came to my office and asked me to ride to his house; I know Mrs. Thompson signed this paper, for after she had signed she spoke of its being her homestead; V. M. Thompson was not present when acknowledgment was taken; she said she understood it was the homestead, and she executed it voluntarily; think some other papers were executed at the same time; think there was another mortgage executed at the same time; think I did not read the paper; Mrs. Thompson said she knew the contents; think I only asked her in the usual form of acknowledgment."

The following were points submitted by the defendants, with which are given the answers of the court:—

Second point: The husband must be a co-grantor with his wife, and to make him such he must appear as grantor with his wife in the descriptive part or body of the deed or instrument of conveyance, and words expressive of grant must appear in the conveyance over his written signature before he becomes a grantor, and as the mortgage in this case contains no words expressive of grant by V. M. Thompson, but all through the instrument it recites it to be the act of his wife alone, and to bind her estate, not the estate of them, the husband and wife, there is, therefore, no joinder on the part of the husband, but the instrument is simply the mortgage of Mrs. Rebecca Thompson, a married woman, consequently void and plaintiffs cannot recover.

Answer: "We decline so to answer."

Third point: The law requires the assent of the husband to make the conveyance of a wife valid, and this must be in writing, which means a written signature to written words expressive of

[Thompson *v.* Lovrein.]

assent, and a written signature without words of assent would not be sufficient, and consequently would amount to nothing.

Answer: "As a general proposition this is affirmed; but we have decided that in this case the husband gave sufficient assent to bind him if the mortgage is properly acknowledged."

Fourth point: There are no words of assent on part of V. M. Thompson anywhere in the instrument over his signature. There is consequently no such assent as the law requires to make the mortgage of Mrs. Rebecca Thompson binding on her estate, but is simply her deed without the assent of her husband, and consequently void.

Answer: "We decline so to charge."

The verdict was for the plaintiffs for $4431.52, and judgment was entered thereon.

Defendants took this writ, and the errors assigned were the answers of the court to the second, third and fourth points of defendants, and the admission of the mortgage in evidence.

*J. Ross Thompson,* for plaintiffs in error.—A married woman in Pennsylvania cannot make a valid conveyance of her estate unless the provisions of the Act of February 24th 1770 are complied with. That act requires: 1st. That the deed shall be fully made, sealed, delivered and executed by husband and wife, making them joint grantors; 2d. After the execution an acknowledgment before a justice, duly authorized, who shall examine the wife separate and apart from her husband, and make known to her the full contents of the deed. The wife's right to convey being the creature of statute law, the prescribed forms must be pursued: Elliott *v.* Peirsol, 1 Pet. 338; West *v.* West, 10 S. & R. 447; McClure *v.* Douthitt, 6 Barr 414; Peck *v.* Ward, 6 Harris 506; Ulp *v.* Campbell, 7 Id. 361; Cord. on Rights of Married Women 416. The deed should express the names of the grantors. The consent of the husband is to be determined by his joining with the wife in the execution of the conveyance: Glidden *v.* Strupler, 2 P. F. Smith 403; and he must be a co-grantor with his wife in the deed, and use apt words, expressive words of grant over his signature: Agricultural Bank of Miss. *et al. v.* Rice *et al.,* 4 How. 225. Merely signing, sealing and acknowledging an instrument in which another person is grantor is not sufficient: Ibid. See also Dundas *et al. v.* Hitchcock, 12 How. 256; Powell *et ux. v.* Monson & Brimfield Man. Co., 3 Mason 347; Purcell *v.* Goshorn, 17 Ohio 105; Hills *v.* Bearse, 9 Allen (Mass.) 403.

*Marvin, Benson & Brainerd,* for defendants in error.—Thompson signed the mortgage, acknowledged and delivered it to Lovrein, Hall & Co., and declared under oath on the trial that he had told

[Thompson v. Lovrein.]

them it was all right, and he took up the obligation they held and got the full consideration. He is a party to the mortgage, and adopted everything therein over his name, and is bound thereby. The husband being a party thereto the wife is also bound. This case is ruled by Jamison v. Jamison, 3 Wharton 457. Where courts are satisfied that the parties intended to make the mortgage they pronounce the instrument valid: Hills v. Bearse, 9 Allen 403. It was once thought that the grantor should be named as such in the deed, but this does not seem to be necessary if the grantor signs it. Thus, where a deed purported to be that of a married woman, her name only appearing as grantor, but it was signed by her and her husband, who acknowledged it, it was held to be a good grant of the husband as well as the wife: 3 Washburn on Real Property, 3d ed. 239, and the following cases therein cited: Elliot v. Slack, 2 N. H. 525 ; Lord Say and Seal's Case, 3 Bro. P. C. 112. The following are also in point: Woodward v. Seaver, 38 N. H. 29 ; Stone v. Montgomery, 35 Miss. 83.

The judgment of the Supreme Court was entered, October 23d 1876,

PER CURIAM.—This case differs in some particulars from Jamison v. Jamison, 3 Wharton 457, yet as the essential thought of a husband's joinder with his wife in her conveyance of her estate, is his consent to her act, we think his sealing and signature to the deed, duly acknowledged as his act and deed, fully supply the evidence of this consent. True it is that the entire language of the deed is that of the wife alone even to the concluding words, " In testimony whereof:" yet when the husband signed and sealed it with her, and solemnly declared it to be his deed for the purposes contained in it, he adopted all that was before his signature. The true purpose of the law is therefore answered.

Judgment affirmed.