## Charles H. Bingler, Appellant, v. C. P. Bowman and Mary Bowman.

*Married women—Conveyance of separate estate of wife—Acknowledgment—Acts of February 24, 1770, April 11, 1848, June 3, 1887, and June 8, 1893.*

There is nothing in the Acts of April 11, 1848, P. L. 536, June 3, 1887, P. L. 333, or June 8, 1893, P. L. 344, which changes the provisions of the Act of February 24, 1770, 1 Sm. L. 307, requiring a husband to join in the conveyance of a wife's real estate, and requiring the separate examination and acknowledgment of the wife.

An unacknowledged contract of a married woman to exchange her separate real estate for other real estate is not binding upon her, and cannot be enforced, although the contract be joined in by her husband.

Argued Nov. 1, 1899. Appeal, No. 172, Oct. T., 1899, by plaintiff, from decree of C. P. No. 1, Allegheny County, Sept. T., 1898, No. 527, dismissing bill in equity. Before GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Bill in equity for specific performance for the exchange of lands.

From the record it appeared that on June 20, 1898, C. H. Bingler executed a contract in writing with C. P. Bowman and

Mary Bowman, his wife, by which it was agreed to exchange certain land belonging to Bingler for certain other lands belonging to Mrs. Bowman. Both Mr. and Mrs. Bowman signed the contract, but it was not acknowledged by any of the parties. Mrs. Bowman refused to carry out the contract, whereupon a bill in equity for its enforcement was filed against her and her husband. The court dismissed the bill on the ground that the unacknowledged contract of a married woman for the sale of her land is not binding upon her.

*Error assigned* was decree dismissing bill.

*Samuel B. Griffith,* for appellant.—A married woman is emancipated, and her contract requires no different form of acknowledgment from that of an unmarried woman: Reed's Est., 3 Pa. Dist. Rep. 503.

*William L. Monro,* for appellees.—The act of 1893 does not repeal, either in terms or by necessary implication, the provisions of the act of 1770, so far as they relate to the separate acknowledgment of the wife: Whitlinger v. Jack, 16 Pa. C. C. R. 112; Erdelyi v. Bernat, 44 P. L. J. 175.

OPINION BY MR. JUSTICE MITCHELL, December 30, 1899:

The question is whether an agreement between plaintiff and defendants to exchange lands, executed jointly by husband and wife, defendants, but not separately acknowledged by the latter, is binding upon her.

Two subjects are presented for consideration, and a glance at our statutes makes it apparent that they have not been treated concurrently, but as distinct and separate subjects for legislation. The rights and powers of a married woman over her property have been substantially revolutionized in recent years, but the mode of exercising them in the alienation of her land has remained without change for more than a century.

The common-law method of conveying land by feoffment with livery of seisin was very early found burdensome in the colony, and of course the aliening of a married woman's land by fine and recovery was far more so. The act of 1715 substituted a simple deed of bargain and sale for a feoffment, by

giving it the same effect when duly acknowledged and recorded. It appears by the recital in section 1 of the Act of February 24, 1770, that this method of conveyance had been resorted to from the settlement of the province, and had been used so frequently in transferring the estates of femes covert that the legislature felt called upon to establish its validity and to regulate its practice. That act accordingly provided for the joint execution and delivery by husband and wife of a deed for the wife's property, the separate examination of the wife as to her voluntary action and the official certificate of that fact by the officer taking the acknowledgment. The act did not enlarge or add to the power of a married woman to convey, nor modify any such power previously existing, except by the regulation of the manner in which it should be exercised.

The Act of April 11, 1848, P. L. 536, practically put an end to the husband's common-law present estate in his wife's land and assimilated her estate and possession to that of a feme sole, but it saved to the husband his right to courtesy, and made no change in the mode of conveyance of her land as required by the act of 1770 by joint deed with her husband and her own separate acknowledgment: Peck v. Ward, 18 Pa. 506; Miller v. Ruble, 107 Pa. 395. The Act of June 3, 1887, P. L. 332, was a further step in the same direction of enlarging the married woman's right and control over her separate property, but it also, like the act of 1848, excepted the power to convey real estate without her husband's joinder in the deed. And the present Act of June 8, 1893, P. L. 344, which repealed and supplied the act of 1887, was intended to still further enlarge a married woman's control over her separate estate, but it, like its predecessors, denied her power to mortgage or convey her land unless her husband join in the conveyance, and in section 2, which is a repetition and general enumeration of her powers, the exception is again made in the significant terms "she may not execute or acknowledge a deed . . . . conveying her real property unless her husband join in such conveyance."

Each of these remedial and enlarging acts it will be observed deals with the rights and powers of married women in regard to their separate property, but all of them agree in preserving unchanged the requirement that the husband must join in order to pass a valid title to real estate. There could not be a

clearer implication that, in this respect, the acts meant to make no change in the prior law. The powers were enlarged, but the mode of their exercise as to the conveyance of land was not only left undisturbed, but was expressly and most carefully preserved. The mode was prescribed by the act of 1770, and has not been changed since. An essential part of it was the separate examination and acknowledgment of the wife. The purpose of the act of 1770 was twofold, first, to prevent the wife from selling her land without the husband's consent, secondly, to prevent compulsion on her to make sale, against her real willingness. The first object was secured by the husband's joinder in the deed, the second by the separate examination and acknowledgment of the wife. Both are parts of the system established by the act, and both are necessarily exempted from change by the clear intent of the later acts to preserve the system intact.

A single illustration will show the danger of any other view. None of the recent statutes have any application to the conveyance by a man of his own land. He is still unable, if married, to pass a title clear of dower without the joint execution and separate acknowledgment of the deed by his wife. Yet, if the view now contended for were adopted, his importunity, or influence, or compulsion could effectually turn her land into money, and thus bring it within his reach, without the statutory safeguard which protects her release of a merely contingent and inchoate dower in his land. The protection afforded to the lesser right would be taken away entirely from the greater. There is nothing in the statutes to indicate that any such consequence was intended.

Judgment affirmed.