## Ledwith, Appellant, *v*. Reichard.

*Married women—Vendor and vendee—Acknowledgment—Specific performance—Tender—Act of February* 24, 1770, 1 *Sm. L.* 307.

Where two married women enter into an agreement to sell land and one of them does not separately acknowledge the agreement as required by the act of February 24, 1770, and a tender of purchase money is made to such tenant in common, but no tender is made to the other tenant in common, nor demand made upon her for a conveyance, specific performance cannot be decreed against either.

Argued May 12, 1902. Appeal, No. 337, Jan. T., 1900, by plaintiff, from decree of C. P. Fayette Co., No. 309, in equity, in case of Andrew B. Ledwith v. Mary L. Reichard and C. C. Reichard, her Husband, and Anna M. Parks and J. J. Parks, her Husband. Before McCOLLUM, C. J., DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity for specific performance.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the decree of the court, dismissing the bill.

*D. M. Hertzog*, with him *Nathaniel Ewing*, for appellant.

*R. H. Lindsey*, with him *George D. Howell*, for appellee.

PER CURIAM, June 4, 1902:

Mary L. Reichard and Anna L. Parks, both married women, were tenants in common of the land in controversy. It is admitted by the appellant that he cannot have a decree for specific performance against Mrs. Reichard, as her contract for the sale of her interest in the land was not separately acknowledged, as required by the act of February 24, 1770, 1 Sm. L. 307 (Bingler v. Bowman, 194 Pa. 210), but his contention is that a decree ought to be made against Mrs. Parks. In support of this, he relies upon a tender of the purchase money to Mrs. Reichard; but the contract as to her was a nullity. A tender to her meant nothing so far as Mrs. Parks was concerned. To the latter the purchase money was not tendered, and no demand was ever made upon her for a conveyance of her interest in the land. Specific performance of her contract was, therefore, properly denied. The decree below is affirmed and the appeal dismissed with costs.