## Gilbert *v.* White, Appellant.

*Deed—Reservation—Alley—Existing building.*

A reservation in a deed of the use of an alley, and also of the right to .keep, have and maintain at all times a certain described two-story house "over and above the said alley as the same now is," cannot be extended so as to include the right to construct a third story on the building.

*Married women—Parol agreement—Estoppel—Title.*

Where a person attempts to encroach on the land of a married woman upon an unfounded claim of right under a deed, he cannot set up an alleged parol assent to the encroachment by the married woman as an estoppel against her.

Argued Oct. 20, 1902.  Appeal, No. 289, Oct. T., 1901, by defendant, from judgment of C. P., Franklin County, Dec. T., 1900, No. 132, on verdict for plaintiff in case of Effie O. Gilbert v. Hiram M. White.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Affirmed.

Trespass to recover damages for injuries to real estate.  Before JOHN STEWART, P. J.

At the trial it appeared that on November 1, 1850, Peter A. Fry became the owner of a lot of ground situated on North Main or Front street, in the borough of Chambersburg.  Fry died in 1868 and in 1872 the executors of his will, by order of the orphans' court, sold the northern portion of said lot to one B. A. Cormany.  This property passed to different owners and on March 29, 1899, became vested in Effie O. Gilbert, the

plaintiff. The southern portion of the lot remained the property of Peter A. Fry or his heirs, until after the death of the widow of Peter A. Fry. On April 1, 1898, it vested by a judicial sale in Hiram M. White. During Fry's ownership and prior to the sale to Cormany, a three-story brick building was erected on the northern portion now owned by the plaintiff, and a two-story brick building was erected on the southern portion, now owned by the defendant. The deed to Cormany, under whom the plaintiff now holds, was in part as follows :

" All that piece or parcel of land situated on the east side of Front street, in the borough of Chambersburg, aforesaid, between Market and King streets, being the northern part of the lot of ground on which the said P. A. Fry lived in his lifetime and at the time of his death, and bounded and described as follows, viz : Commencing at the northwestern corner of the new house recently erected by the said Susan E. Fry, on the southern part of the said lot; thence with the wall of said house eastward 256 feet to the alley in the rear of said lot; thence northward about twenty-nine feet to the line of the lot of Abraham S. Hull; thence by said lot westward to the line of Front street aforesaid, and thence by the line of said Front street southward to the point of commencement, having a three-story brick dwelling house and other improvements thereon erected. The said parties of the first part reserving to the said Susan E. Fry and to the heirs of the said Peter A. Fry and their assigns, or the occupant of the dwelling house now on the southern part of the said lot, the right to use the alley between the house now occupied by Mrs. Fry, and the one hereby conveyed to the said Cormany for passing in and out, and also to keep, have and maintain at all times the new house occupied by the said Susan E. Fry over and above the said alley as the same now is."

The trespass complained of was the construction of a third story on the two-story building.

When the defendant was on the stand the following offer was made :

We propose to prove by this witness and others, that when he purchased the property which he now owns, and adjoining the property of the plaintiff, it was a two story brick structure with a comb roof; that in the month of October, 1900, he took

off the garret floor of the comb roof and raised his building to the height of three stories. In doing that he placed studding against the bargeboard of the plaintiff, but did not build over on top of her wall; that the only portion of the defendant's building which extends over on the plaintiff's building is a portion of the tin; that prior to his making that improvement the plaintiff in this case granted him the permission to make the improvement just as he did make it, in consideration of his agreeing to keep the second and third story of his back building which he erected at or about the same time, at least nine feet from her line, in order that her building might not be darkened; that in pursuance of that agreement and understanding he made the improvements to the front building as they now exist, and that he kept the second and third story of his back building nine feet or a little over it, from the plaintiff's line; that the plaintiff was present during the progress of these improvements; that she never objected to or in any manner whatever dissented from his right to make them until after the third story was all completed except the putting on of the tin upon the roof, the other portions of the roof having been placed in position.

This for the purpose of creating an estoppel of the plaintiff to now object to the work as done by the defendant.

Mr. Sharpe : This evidence is objected to for the following reasons :

1. Because if the defendant had the right in law to erect his building as set forth in the offer, the offer is irrelevant and immaterial, because he did not receive the required consent of the plaintiff.

2. The evidence is objected to, so far as it may be an encroachment upon the plaintiff's close or premises or the wall of her dwelling house, because the right claimed is in the nature of an easement servitude, or interest in real estate, and as such within the statute of frauds, parol testimony is inadmissible to prove or establish the same, especially since the plaintiff in this case is a married woman and can only convey her real estate, or an interest in the same, by deed in which her husband joins and which is acknowledged in proper form.

The Court: In so far as it is proposed by the offer to establish a right to maintain an erection of any kind upon the

premises of the plaintiff, whether resulting from parol agreement with the plaintiff, who was a married woman, or by reason of estoppel, it is incompetent.

The objection is sustained, evidence excluded, bill sealed for the defendant.   [9]

Defendant presented among others the following point:

4. The defendant had a right under his grant to build the third story to his house over the said arch or alleyway.  *Answer:*  I refuse this point. [5]

Verdict for plaintiff for $500 upon which judgment was entered for $225, all in excess having been remitted.

*Errors assigned* among others were (5) above instruction, quoting it; (9) ruling on evidence, quoting the bill of exception.

*W. Rush Gillan,* of *Gillan & Gillan,* for appellant.—Plaintiff was estopped by her parol license:   Clark v. Glidden, 60 Vt. 702 (15 Atl. Repr. 358); Metcalf v. Hart, 3 Wyoming, 513 (27 Pac. Repr. 900); East Jersey Iron Co. v. Wright, 32 N. J. Eq. 248; Sampson v. Burnside, 13 N. H. 264; Le Fevre v. Le Fevre, 4 S. & R. 241; Rerick v. Kern, 14 S. & R. 267; McKillip v. McIlhenny, 2 Watts, 466; Swartz v. Swartz, 4 Pa. 353; Campbell v. McCoy, 31 Pa. 263; Ebner v. Stichter, 19 Pa. 19; Cumberland Valley R. R. Co. v. McLanahan, 59 Pa. 23; Meigs's App., 62 Pa. 28; Thompson v. McElarney, 82 Pa. 174; Pierce v. Cleland, 133 Pa. 189; Baldwin v. Taylor, 166 Pa. 507; Redmond v. Excelsior Savings Fund, 194 Pa. 643; Couch v. Sutton, 1 Grant's Cases, 114; Fulton v. Moore, 25 Pa. 468; Shillingford v. Good, 95 Pa. 25; Bigham's App., 123 Pa. 262.

*W. K. Sharpe,* of *Sharpe & Elder,* with him *Gehr & Gehr,* for appellee.—The appellee being a married woman could not be estopped by any such agreement as the appellant proposed to show by his offers of testimony.   No positive acts of encouragement on her part would estop her; nor would money expended by the other party upon the faith of such contract suffice for that purpose:   Glidden v. Strupler, 52 Pa. 400; Quinn's Appeal, 86 Pa. 447; Buchanan v. Hazzard, 95 Pa. 240;

Innis v. Templeton, 95 Pa. 262 ; Davison's Appeal, 95 Pa. 394 ; Stivers v. Tucker, 126 Pa. 74 ; Logan v. Gardner, 136 Pa. 588 ; Bingler v. Bowman, 194 Pa. 210.

OPINION BY ORLADY, J., May 22, 1903:

The defendant's title to the alleyway in controversy was limited by the clearly defined reservation in his deed, as follows : " The said parties of the first part reserve to the said Susan E. Fry and to the heirs of the said Peter A. Fry, and their assigns, or the occupant of the dwelling house now on the southern part of the said lot, the right to use the alleyway between the house now occupied by Mrs. Fry, and the one hereby conveyed to the said Cormany for passing in and out and also to keep, have and maintain at all times the new house occupied by the said Susan E. Fry over and above the said alley as the same now is," and cannot be extended so as to include any change in the building above the second story over and above the said alley, which is to remain " as the same now is." The defendant attempted to justify the construction of the third story to his building over the archway by offering to show a parol agreement with the plaintiff, under and by which he was given permission to make the improvements, and for the purpose of creating an estoppel,—he insisted that the plaintiff had assented to the doing of the work as it had progressed. In his fourth point he claims the right to build the third story to the house under his grant in the deed, and in the evidence which was rejected he seeks to extend his estate in the land through the parol agreement. The change made in the building constituted a permanent taking, while from the appellant's own showing, objection was made to the work before it was completed. Assuming that the plaintiff did assent to the change at the inception of the work, under the decisions, she cannot be held by such an agreement. The interest of a married woman in real estate cannot be divested except in the way pointed out by statute, and the alleged parol agreement would not protect the defendant by creating an estoppel, as he was not misled by it. The law was open to him in declaring the only way in which he could secure her title : Bingler v. Bowman, 194 Pa. 210. He cannot allege that he was misled by the parol agreement and had expended his money solely on the faith of it, and at the

same time insist on his right to make the change under the grant in his deed. The encroachment on the plaintiff's land was made with full knowledge of her title, and the doctrine of estoppel does not apply : Baldwin v. Taylor, 166 Pa. 507; 6 P. & L. Dig. p. 9111. The evidence was inadmissible for the purpose of mitigating the damages, for the reason that punitive or vindictive damages were not claimed; and in reducing the verdict the court below relieved the defendant from any disadvantage he was under by reason of a misunderstanding of the testimony in regard to " the amount which will put her premises in the condition they were in before the trespasses were committed." The right of the plaintiff to recover was clear, and the case was carefully tried, so that the reduced verdict represents as fair a result as the defendant could expect after his wilful trespass.

The assignments of error are overruled and the judgment is affirmed.