Jenkins, Appellant, *v.* Pittsburg & Connellsville Railroad Company.

*Married woman—Agreement to sell land—Option—Acknowledgment—Act of April 4, 1901.*

Since the Act of April 4, 1901, P. L. 67, a married woman may make a binding contract or option for the sale of her real estate by a written agreement in which her husband joins, without acknowledgment.

Argued Oct. 12, 1904. Appeal, No. 15, Oct. T., 1904, by plaintiff, from decree of C. P. Somerset Co., Equity Docket 1903, No. 7, dissolving an injunction in case of Mary A. Jenkins v. Pittsburg & Connellsville Railroad Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and THOMPSON, JJ. Affirmed.

Bill in equity for an injunction. Before KOOSER, P. J.

From the record it appeared that the plaintiff, a married woman, on November 6, 1901, entered into a written option, in which she was joined by her husband, giving the defendant company a right to purchase five acres of her land for a stated price within sixty days. The option was accepted by the defendant within the time named, and entry upon the land was made. Subsequently disputes arose as to the terms of the deed to be executed by the plaintiff, and plaintiff repudiated her agreement of option on the ground that she had not acknowledged it.

The court granted a preliminary injunction which it subsequently dissolved.

*Error assigned* amongst others was decree dissolving the injunction.

*W. H. Ruppel,* with him *A. H. Coffroth,* for appellant.— Numerous cases are to be found in which the deed was set aside, or entirely ignored because of a mere defect in the acknowledgment, and no case can be found in which the deed of a feme covert was supported without a proper acknowledgment: Watson v. Bailey, 1 Binn. 470; Kirk v. Dean, 2 Binn. 341; Wonder v. Phelps, 109 Pa. 172.

The same rule has been applied as to articles of agreement to convey: Clark v. Thompson, 12 Pa. 274; Miltenberger v. Croyle, 27 Pa. 170.

Positive acts of encouragement that sometimes operate to estop one sui juris, will not affect one under a legal disability: Glidden v. Strupler, 52 Pa. 400; Stivers v. Tucker, 126 Pa. 74; Kaiser's Est., 14 Pa. Superior Ct. 155.

*W. H. Koontz*, with him *J. G. Ogle*, for appellee.

Opinion by Mr. Justice Fell, December 31, 1904:

Prior to the Act of April 4, 1901, P. L. 67, it was uniformly held that the interest of a married woman in real estate could be divested only in the way prescribed by the Act of February 24, 1770, 1 Sm. L. 307, and that in relation thereto she was not affected by acts or declarations which in the case of a feme sole would operate as an estoppel. Without a separate acknowledgment her agreements touching her land were void, and could not be enforced at law nor in equity. It was decided in Bingler v. Bowman, 194 Pa. 210, that the Act of June 8, 1893, P. L. 344, did not alter the established rule and that the unacknowledged contract of a married woman for the exchange of her real estate could not be enforced. The ground of the decision is that, while the act enlarged the powers of a married woman, the mode of their exercise as to the conveyance of land as prescribed by the act of 1770 was left undisturbed, and that an essential part of this was the separate examination and acknowledgment of the wife. It was said in the opinion: " The purpose of the act of 1770 was twofold, first, to prevent the wife from selling her land without the husband's consent, secondly, to prevent compulsion on her to make sale against her real willingness. The first object was secured by her husband's joinder in the deed, the second by the separate examination and acknowledgment of the wife. Both are parts of the system established by the act, and both are necessarily exempted from change by the clear intent of the later acts to preserve the system intact."

The reason on which the decision is based, that the act of 1893 made no change in the prior law as to the requirement of separate examination and acknowledgment, no longer exists

because a change has been made by subsequent legislation. The Act of April 4, 1901, P. L. 67, provides that acknowledgments of a married woman shall be taken in the same manner and form as though she were a feme sole, and gives to such an acknowledgment " The same force and effect as if taken separate and apart from the husband of said married woman." The Act of 1893 gives a married woman the same power that a feme sole has to sell her real estate except that she may not make a valid conveyance unless her husband joins in the deed. The act of 1901 dispenses with the requirement that there should be a separate acknowledgment. She is therefore empowered to make a binding contract for the sale of her real estate by a written agreement in which her husband joins, without acknowledgment.

The plaintiff on November 6, 1901, entered into a written agreement in which she was joined by her husband, which gave the defendant company the option to purchase five acres of her land for an agreed price within sixty days. The option was accepted by the company within the time mentioned and at her request, made by her husband acting as her agent, it entered upon the land and marked out the lines of the proposed extension of its road. A dispute arose as to some of the terms of the deed tendered for execution. Concessions were made by the company, and while negotiations as to the terms of the deed were pending and after the company had completed a third of a mile of the road on the land, the plaintiff repudiated her agreement and demanded a larger price. The agreement gave the company an equitable estate in the land, and the injunction was properly refused. The decree is affirmed at the cost of the appellant.