# McCoy *v.* Niblick, Appellant.

*Vendor and vendee—Married women—Nonjoinder of husband—Contract—Statute of frauds.*

Where a married woman employs an agent to expose her land to public sale, hears the agent read the conditions of sale, is present at the sale, accepts a portion of the purchase money, and subsequently gives possession to the vendee and suffers him to make improvements in the land, she cannot subsequently set up that the sale was void under the statute of frauds.

Under the Act of June 8, 1893, P. L. 344, a married woman who has sold her land without her husband joining in the sale, and has delivered possession of it to the vendee, cannot recover the land back without paying to the vendee the portion of the purchase money which she had received and also reimbursing him for moneys paid on account of fire insurance, improvements, and an annuity payable under the contract of sale.

A married woman who has sold her land without her husband's consent knows that her contract or agreement to sell is a valid one, even if neither she, nor her vendee may be able to have it specifically enforced, and, therefore, whatever the vendee may pay on it, or expend in pursuance of it, must be returned to him by her when she finds that she cannot specifically perform.

*Practice, C. P.—Trial—Reopening case—Discretion—Orphans' court—Ejectment.*

In an action of ejectment it is not an improper exercise of judicial discretion for the trial judge to permit the plaintiff to reopen his case after he has closed, and there has been an intimation that a nonsuit would be directed.

Argued Feb. 11, 1908. Appeal, No. 268, Jan. T., 1907, by defendants, from judgment of C. P. Bucks Co., Sept. T., 1906,

No. 55, on verdict for plaintiff in case of Mary J. McCoy v. Samuel C. Niblick and William M. McCormick. Before MITCHELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Ejectment for land in Falls township. Before STOUT, P. J.
The facts are stated in the opinion of the Supreme Court.
The trial judge gave binding instructions for plaintiff.
Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1) in permitting plaintiff to open her case after she had closed and after the court had intimated that a nonsuit would be granted ; (2) in refusing binding instructions for defendant; (4) in charging that the contract of sale was void ; (5) in giving binding instructions for plaintiff; (7, 8) in refusing to instruct the jury to return a conditional verdict, and (9) in refusing to submit the case to the jury.

*Herman Yerkes*, of *Yerkes, Ross & Ross*, for appellants.— The appointment of the agent by parol and the participation of the appellee at the final execution of the contract took the case out of the prohibition of the statute of frauds : Hall v. White, 123 Pa. 95 ; Pierce v. Hakes, 23 Pa. 231 ; Fitzpatrick v. Engard, 175 Pa. 393.

The acceptance of the purchase money and the delivery of the possession and subsequent expenditures by the appellant, McCormick, pursuant thereto, took the sale out of the statute of frauds : Fitzpatrick v. Engard, 175 Pa. 339 ; Haslet v. Haslet, 6 Watts, 464 ; Reed v. Reed, 12 Pa. 117 ; Pugh v. Good, 3 W. & S. 56 ; Milliken v. Dravo, 67 Pa. 230.

Although a married woman, the appellee was bound by her contract of sale without the joinder of her husband : Sinclair v. Evans, 5 Pa. Dist. Rep. 384 ; Jenkins v. R. R. Co., 210 Pa. 134; Hertzog v. Hertzog, 34 Pa. 418 ; Hauberger v. Root, 5 Pa. 108 ; Ballas v. Wolff, 11 Pa. Superior Ct. 150 ; McCafferty v. Griswold, 99 Pa. 270.

*Wm. Stuckert*, with him *Wm. R. Stuckert*, for appellee.— Prior to the act of 1893 this court has repeatedly decided that a married woman's contract for sale of her lands, although

made in writing, in which her husband does not join, is null and void : Glidden v. Strupler, 52 Pa. 400 ; Trimmer v. Heagy, 16 Pa. 484 ; Miller v. Ruble, 107 Pa. 395 ; Innis v. Templeton, 95 Pa. 262.

Nor has this court, in any case, decided that a contract made by a married woman, since the act of 1893, to sell her lands without the joining of the husband in that contract, was valid: Jenkins v. R. R. Co., 210 Pa. 134; Bingler v. Bowman, 194 Pa. 210 ; Koechling v. Henkel, 144 Pa. 215 ; Bauck v. Swan, 146 Pa. 444 ; Pearsoll v. Chapin, 44 Pa. 9 ; Wiltbank v. Tobler, 181 Pa. 103 ; Patrick v. Smith, 165 Pa. 526 ; Richards v. McClelland, 29 Pa. 385 ; Kirk v. Clark, 59 Pa. 479.

OPINION BY MR. JUSTICE BROWN, May 4, 1908 :

There was sufficient shown by the appellants to take appellee's sale of her farm out of the statute of frauds.  Wishing to sell it, she sent for Charles F. Vandegrift, a real estate agent, and asked him to expose it to public sale on March 19, 1906.  He did so on that day, after reading the conditions of sale signed by himself as her agent.  She was present at the sale, and, after a conference with Vandegrift, authorized him to sell the property to McCormick, one of the appellants, at his bid of $10.00 per acre, subject to an annuity charge.  The property was thereupon knocked down to him and he signed the agreement to purchase it in the presence of the appellee. On the same day he paid her agent $120—ten per cent of the purchase money—in accordance with the conditions of sale, and the agent procured from her and handed over to him the title papers to the property.  Shortly before April 1, 1906, when possession of the farm was to be given to the purchaser, the appellee vacated it and McCormick took possession.  He paid the annuity of $100 due April 1, 1906, as well as that due the following year.  On April 2, 1906, he tendered the balance of the purchase money and demanded his deed, which the appellee refused to give him.  Subsequently he paid fire insurance tax on the barn and contents and expended $400 in improving the farm.  This ejectment was brought on August 28, 1906, and a verdict directed for the plaintiff, on the ground that her contract for the sale of her farm was void because she was a married woman when she signed it and her husband had

not joined in it. The case was tried upon that theory alone, and it is the only one advanced on this appeal in asking that the judgment on the verdict be sustained. The effect of sustaining it would be to drive the appellants from the farm and restore it to the appellee without repayment by her to McCormick of the percentage of the purchase money which he paid her agent, or reimbursement for what has been paid for annuity dues, fire insurance tax and improvements.

There was a time when there would have been no relief for McCormick as the vendee of the appellee from what he has shown to be her unconscionable conduct, for, until recent years, a married woman, under her plea of coverture, could retake land from her vendee in possession of it without refunding a dollar of the purchase money, though all of it had been paid to her, and without reimbursement for any improvements made, if the land had not been sold or conveyed in the precise mode pointed out by the statute. But this was when her incapacity to contract at all in relation to her real or personal estate was the rule and her capacity the rare exception. Now her capacity to contract in all respects as if she were unmarried is the rule, and her incapacity the exception. As to her real estate the words of the Act of June 8, 1893, P. L. 344, are: "a married woman shall have the same right and power as an unmarried person to acquire, own, possess, control, use, lease, sell or otherwise dispose of any property of any kind, real, personal or mixed, and either in possession or expectancy, and may exercise the said right and power in the same manner and to the same extent as an unmarried person, but she may not mortgage or convey her real property, unless her husband join in such mortgage or conveyance." A married woman may, therefore, no longer repudiate her contract for the sale of her real estate, in which her husband has not joined, on the ground that it is void, and keep what has been paid to her on account of it or expended by her vendee in pursuance of it. Glidden v. Strupler, 52 Pa. 400; Grim's Appeal, 105 Pa. 375, and other cases cited by counsel for appellee, are not now authority for permitting a married woman to profit by her moral dishonesty, except when she undertakes to do what the act of 1893 says she still may not do. For the consequences of not doing that which she undertakes to do by virtue of the

powers conferred upon her by that act she is as answerable for damages as if unmarried.

Under the act of 1893 a married woman may "sell" her real estate and make any contract "necessary, appropriate, convenient or advantageous" to the exercise of her right to sell; but she may not perform her contract to sell without the joinder of her husband in the conveyance. She, therefore, knows when she enters into a contract to sell that she takes the chances, as well as her vendee, that her husband may not join in the deed, and that neither can compel specific performance if he refuses to join. But she knows that her contract or agreement to sell is a valid one, even if neither she nor her vendee may be able to have it specifically enforced, and, therefore, whatever the vendee may pay on it, or expend in pursuance of it, must be returned to him by her, when she finds that she cannot specifically perform. The words of the act would be meaningless if any other effect should be given to them. The appellee contracted to sell under the power conferred upon her by the statute to make the contract, but if not able to perform it, she must place her vendee in the same position he was in before he contracted with her. This is the rule as to all persons sui juris, and married women, who now are of this class in the acquisition, ownership, possession, control, use, lease and sale of their real estate, except when they actually convey, are subject to it. "The act of 1893 gives a married woman the same power that a feme sole has to sell her real estate, except that she may not make a valid conveyance unless her husband joins in the deed:" Jenkins v. Railroad Co., 210 Pa. 134. Our Brother STEWART, when on the common pleas, properly said of the act of 1893, in Reed's Estate, 3 Pa. Dist. Rep. 503: "The act makes a clear distinction between the executory contract of sale and the actual conveyance of the wife's land, so far as regards the manner of their execution. It gives her the right to contract for its sale in the same manner, and to the same extent, as an unmarried person; but when she comes to convey, she may do so only by her husband joining in the deed. If her right to contract for its sale be qualified, in like manner with her right to convey, she is no better off with respect to her real estate than she was under the act of 1848. It is this right to contract, and her

personal liability in connection therewith, that marks the advance made. The refusal of the husband to join in the wife's deed cannot operate to relieve her from liability under her contract, any more than her refusal to join in the husband's would relieve him from liability under his. Can there be any doubt that the damages in both cases would be measured by the same standard? The only possible difference between the two as to result is, that the husband could be required to perform specifically, so far as his own estate in the land is concerned, while performance could not be decreed against the wife on her contract since her individual deed would be ineffectual for any purposes. This difference emphasizes the distinction found in the act. The wife's contract, unlike that of the husband, conveys no interest in the land, legal or equitable, but creates a personal liability only."

The appellee is entitled to regain possession of her land only after paying McCormick what a jury may find is due him for the purchase money, the annuity and the fire insurance tax paid by him, and for whatever expenditures he made for improvements before he was notified that the contract would not be specifically performed because the husband of the appellee would not join in the deed. This equitable result would have been reached by a conditional verdict which the jury ought to have been directed to render, if they believed the facts testified to by the appellants and their witnesses.

As to the first assignment of error, which complains of the court's permission to the appellee to reopen her case after she had closed, and there was an intimation that a nonsuit would be directed, nothing more need be said than that it was not an improper exercise of judicial discretion.

The first, second and third assignments of error are overruled. The fourth, fifth, sixth, seventh, eighth and ninth are sustained, and the judgment is reversed with a venire facias de novo.