# Heckart v. Blumberg et ux., Appellant.

*Equity—Specific performance—Husband and wife—Payment on account of purchase money.*

1. Where a wife who owns real estate agrees orally to sell it to another, and her husband who is present at the time, accepts a portion of the purchase money in cash, turns it over to his wife, and signs a receipt for it in his own name, in which the real estate is described by street and number, the wife is bound as though she had personally signed the receipt.

2. If, in such case, the vendee makes further payments on account of the purchase money, takes possession of the premises and makes considerable expenditures thereon, she may maintain a bill

in equity for specific performance against the owner and her husband.

3. In such case the fact that an offer is made to return a part of the purchase money which had been paid, is immaterial.

Argued February 27, 1923. Appeal, No. 302, Jan. T., 1922, by defendant, from decree of C. P. No. 4, Phila. Co., June T., 1920, No. 4768, on bill in equity, in case of Nellie Heckart v. Jennie Blumberg and David Blumberg. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for specific performance. Before McCULLEN, J. The opinion of the Supreme Court states the facts. Decree for plaintiff. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting it.

*B. D. Oliensis,* with him *Maurice G. Weinberg,* for appellants.

*James F. Boylan,* with him *David A. Rahilly* and *Robert E. Patterson,* for appellee.

PER CURIAM, April 9, 1923:

Plaintiff's bill is for specific performance of a contract for sale of real estate. The court below entered a decree in favor of plaintiff and defendants appealed. The court found as facts that defendant, Jennie Blumberg, is the owner of the premises No. 1248 South 31st Street, Philadelphia, and contracted to sell the property to plaintiff for the consideration of $2,100, payable $500 in cash by installments and balance to be secured by a purchase-money mortgage; that, at the time the contract was entered into, plaintiff, her sister-in-law and the two defendants, who are husband and wife, were present; that Mrs. Blumberg advised plaintiff "to buy my house"; that plaintiff paid $150 on account, handing the money to Blumberg who turned it over to his wife and gave a

receipt to plaintiff signed by the husband as follows: "Received from Mrs. Heckart $150 on 1248 South 31st Street." It was understood between the parties that defendant's son, J. S. Blumberg, a real estate broker, would later prepare a formal contract and, as stated by Mrs. Blumberg, "give you full papers to the house"; an agreement of sale was later prepared by the son which was signed by plaintiff and "J. S. Blumberg, Agent." Plaintiff, with her family, took possession of the property, made payments to the amount of $500, as required by the agreement and also added repairs and improvements to the extent of $700. On demand made for a deed Mrs. Blumberg refused to convey, claiming her husband was not authorized to make sale of the property and that she did not authorize either her husband or son to act for her in selling to plaintiff. The determining question is whether Mrs. Blumberg was present at the time plaintiff agreed to purchase the property and made the first payment of $150 on account of the purchase money, as found by the court below. If she was her husband's act was her act and his receipt for the payment must be considered as authority to him to act for her and is, under the circumstances, as binding upon her as though she had personally signed the paper: Fitzpatrick v. Engard, 175 Pa. 393, 403; Story on Agency, section 51. That she was present at the time and received from her husband the first payment of $150 made by plaintiff, as well as a later payment of $50 handed to her personally by plaintiff, we have not the slightest doubt. She made no objection to the sale, nor did she at any time question the authority of her husband and son until after plaintiff had made all payments required of her by the terms of the contract and made improvements to the property. The testimony, although contradictory, is quite convincing on this question and amply sustains the court's finding.

The fact that defendant's son offered to return to plaintiff $500 paid by her is of no consequence; especially is

this so in view of plaintiff having expended in the neighborhood of $700 in repairing and improving the property.

The decree of the court below is affirmed at defendants' costs.