## Prager *v.* Winn, Appellant.

Argued October 5, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*William N. Nitzberg,* for appellants.

*Samuel E. Kratzok,* for appellee.

OPINION BY ROSS, J., January 17, 1952:

This is an action of assumpsit brought by Benjamin' Prager, Jr., a real estate broker, to recover a commission alleged to be due to him under the terms of a contract with the defendants. The cause was tried in the Municipal Court of Philadelphia before a judge sitting without a jury. The court found for the plaintiff and entered judgment against defendants in the sum of $1,021.37, their motions for judgment n.o.v. and for a new trial were dismissed and this appeal followed.

On May 23, 1949, the defendants (husband and wife) "orally employed" the plaintiff to secure a purchaser for their property, which they held as tenants by entireties, and in connection therewith executed an exclusive agency contract, which was signed by the husband-defendant in the presence of his wife. By the terms of the contract the plaintiff was employed to act as the "sole and exclusive agent" for the sale of defendants' home at the "suggested" price of $21,500.00 or upon "any reduced price or other terms to which [defendants] shall consent". The sole and exclusive agency was to continue until the defendants gave written notice of termination "but in no event . . . within less than one month" from May 23, 1949. The defendants agreed that if the property "shall be sold or exchanged by me, during the term of the said agency, whether effected by [plaintiff] or by myself or by any. other person", a commission of 5% would be paid to the plaintiff. Finally, it was provided that the defendant would pay a commission of 5% to the plaintiff if "within three months after the termination of the said agency I shall sell it to or exchange it with any person with whom [plaintiff] shall have negotiated during the term of the agency".

After the execution of the agreement, the plaintiff proceeded to advertise the premises for sale in various newspapers and also placed his sale sign on the prop-

erty. The plaintiff's sale sign brought the property to the attention of a Dr. Kabel within the exclusive agency period; and, on June 1, 1949, Dr. Kabel made an offer of $18,000.00 through his own real estate agent, Leonard Cobrin. This offer and a later offer of $18,500.00 were received by the plaintiff and by him communicated to the defendants, who rejected them.

On June 24, 1949, the defendants orally informed the plaintiff of their intention to terminate the *sole and exclusive* agency and demanded a return of the writing evidencing the agreement. The plaintiff returned the writing to the defendants on June 27, 1949, but informed them—according to his testimony—that if "Dr. Kabel or any other customer of mine buys this property within three months after this date, you are still liable for the commission." The court below found as a fact that the plaintiff informed the defendants of his rights under the contract at the time he returned it.

On June 28, 1949, the defendants sold their property to Dr. Kabel for $18,750.00 and paid the broker's commission on the sale to Cobrin, the agent who had relayed the purchaser's original offers to the plaintiff.

The defendants' principal contention is that when the plaintiff returned to them the exclusive agency contract he thereby relinquished any right he might have to a commission, basing this contention upon section 432 of the *Restatement of Contracts* which provides, inter alia: "(1) A contractual duty that arises under a formal unilateral contract is discharged . . . (b) by its surrender to the party subject to the duty or to someone on his behalf, by the party having the right, with the intent to discharge the duty . . ." Comment on subsection (1), so far as herein pertinent, is as follows: "A formal contract is to such an extent regarded as bound up in the document containing the contract that it will not survive the document's de-

struction or surrender, *if that is accompanied by a manifestation of intention of the person entitled to performance of the duties arising from the contract to discharge them."* (Italics supplied.)

The rule of section 432 does not, however, rule the case for the defendants because this contract was surrendered without "a manifestation of intention of the person entitled to performance of the duties arising from the contract to discharge them"; on the contrary, the plaintiff manifested his intention to hold the defendants to the letter of their written promise, and the trial court as fact-finder found that when the plaintiff returned the written contract to the defendants he did not surrender "his right to a commission which would flow to him from a sale to a prospective purchaser with whom the plaintiff had during that time been negotiating".

Consequently, it is our opinion that the plaintiff's surrender of the written contract did not work a forfeiture of his right to a commission in the event that the property was sold to a purchaser who had been secured by him, and the trial court found that Dr. Kabel was secured as a purchaser through the efforts of the plaintiff.

The defendants further contend that there should be a new trial or "at least" judgment n.o.v. as to the defendant Lillian Winn because she did not sign the contract with the plaintiff. However, Mrs. Winn was present when her husband signed the contract and participated in the negotiations, and there is nothing in the record to indicate that she did not acquiesce in the terms embodied therein. Under such circumstances, the contract is as binding upon her as though she had personally signed it. *Heckart v. Blumberg,* 277 Pa. 159, 120 A. 779; *Bankard v. Shaw,* 199 Pa. 623, 49 A. 230; *Bailey v. Cooney,* 284 Pa. 508, 131 A. 480. Furthermore, the averment in the complaint that "Benjamin

N. Winn in the presence of the Defendant Lillian Winn, his wife, and for and on behalf of both of said Defendants, executed a writing, a true and correct copy whereof is attached hereto, marked Exhibit A and made part hereof, and by the terms of which the Plaintiff was constituted as the sole and exclusive agent for the sale of the aforesaid premises . . ." was not denied in defendants' answer.

An owner of real estate may contract in such manner as to render himself liable for commissions to two different brokers. *Girsch v. Rolland,* 285 Pa. 141, 131 A. 723. This, unfortunately for defendants, is the situation in the present case.

Judgment affirmed.