# McCoy, Appellant, *v.* Niblick.

*Married women—Contract—Sale of real estate—Husband's consent.*

1. Where a married woman executes an agreement to sell her real estate and puts the vendee in possession, but subsequently refuses to execute a deed alleging that her husband had not joined in the agreement, she will not be entitled to recover in ejectment the land in question, if it appears that she had never asked her husband to join in the agreement, and that he had never refused to join therein.

2. A married woman may make a valid contract for the sale of her land, although she may not be able to execute it by reason of the refusal of her husband to join in the deed. If for this reason she is not able to execute it, she must return to the vendee whatever payments or outlays he may have made in reliance on the contract.

Argued Feb. 8, 1910. Appeal, No. 315, Jan. T., 1909, by plaintiff, from judgment of C. P. Bucks Co., Sept. T., 1906, No. 55, on verdict for defendant in case of Mary J. McCoy v. Samuel C. Niblick and William M. McCormick. Before Fell, C. J., Brown, Potter, Elkin and Moschzisker, JJ. Affirmed.

Ejectment for land in Falls township. Before Stout, P. J.

The facts are stated in the opinion of the Supreme Court and also in the previous report of the case in 221 Pa. 123.

The plaintiff presented among others these points:

2. If the jury find that the defendant entered into the possession of plaintiff's lands, described in the writ, without any legal conveyance thereof to him and without the consent and authority of the owner thereof, his act is tortious. He is a mere trespasser and the verdict must be a general verdict for the plaintiff without condition. *Answer:* Refused. [7]

No compensation can be allowed the defendant for moneys expended by him in the management or alleged improvements made by defendant upon the plaintiff's

farm after he received notice that plaintiff, a married woman, would refuse to convey to him title of the farm. *Answer:* Affirmed, providing her refusal was predicated upon the refusal of her husband to join in the conveyance. [8]

Defendant presented this point:

4. If the jury find for the plaintiff under the evidence, they must also find what compensation, if any, the defendant is entitled to for expenditures made by him for annuity, taxes and improvements, and the amount to which defendant may be entitled constitutes an equitable lien and a right to hold possession of the land until the lien is satisfied. The jury will then find a conditional verdict. *Answer:* This point is affirmed, with this qualification: That she is entitled to such expenditures made by defendant before he had notice that the plaintiff would not perform her contract, because the husband would not join in the conveyance. The defendant is not entitled to a verdict for expenditures by him after he had such notice. [11]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (7, 8, 11) above instructions, quoting them.

*Wm. Stuckert* and *Wm. R. Stuckert,* with them *Francis M. Gumbes,* for appellant.

*Harman Yerkes,* of *Yerkes, Ross & Ross,* for appellee.

OPINION BY MR. JUSTICE BROWN, May 24, 1910:

On the first trial of this case a verdict was directed for the plaintiff on the ground that her contract for the sale of her farm, under which defendant took possession, was void because she was a married woman when she signed it and her husband had not joined in it. The judgment on the verdict was reversed, as her contract was not void

under the Act 'of June 8, 1893, P. L. 344, and, though not specifically enforcible by reason of the failure of the husband to join in it, it was held that a conditional verdict ought to have been directed, securing to McCormick, the vendee, reimbursement for what he had expended on the faith of the contract before notification that the vendor would not convey to him: McCoy v. Niblick, 221 Pa. 123. The only question raised on that appeal was the correctness of the ruling of the court below that the contract was void. We reversed and held that the plaintiff could not regain possession of the property until she had reimbursed the vendee; but we so decided upon the theory—seemingly concurred in by both sides—that she was not able to perform because her husband had refused to join in the deed. This most clearly appears in the opinion, written by the writer hereof, for we said: "Under the act of 1893 a married woman may 'sell' her real estate and make any contract 'necessary, appropriate, convenient or advantageous' to the exercise of her right to sell; but she may not perform her contract to sell without the joinder of her husband in the conveyance. She, therefore, knows when she enters into a contract to sell that she takes the chances, as well as her vendee, that her husband may not join in the deed, and that neither can compel specific performance if he refuses to join. But she knows that her contract or agreement to sell is a valid one, even if neither she nor her vendee may be able to have it specifically enforced, and, therefore, whatever the vendee may pay on it, or expend in pursuance of it, must be returned to him by her, when she finds that she cannot specifically perform. . . . The refusal of the husband to join in the wife's deed cannot operate to relieve her from liability under her contract, any more than her refusal to join in the husband's would relieve him from liability under his."

On the last trial it affirmatively appeared, from the testimony of the plaintiff herself and from the deposition of her husband, that he had not refused to join in the

deed, and the only conclusion to be drawn by the jury was that she had refused to convey simply because she rued the bargain. This was no more her privilege than if she had been a single woman. She admitted that she had never asked her husband to join in the deed, and he testified that he had never refused to join in the agreement for the sale of the farm.

The plaintiff entered into a valid contract with McCormick; she handed over her title papers that a proper deed might be prepared for him, and she vacated the premises and permitted him to take possession of them, but, notwithstanding all this, her right was to retake them, provided she could not make him a deed and would be just to him in the matter of his expenditures. But she had no right to retake possession merely because she would not make a deed. When a married woman cannot perform her contract for the sale of her real estate, the law will not make her, but when she simply will not, it will not help her to escape her covenant. When she cannot carry out an honest contract to sell, she is not morally blamable and the law will exact nothing more from her than compensation to her vendee for any loss he may have sustained in reliance upon the contract; but when she capriciously will not perform, she becomes not only persona non grata in foro conscientiæ, but a plaintiff without a cause of action in a suit at law in repudiation of her contract. As to this the correct instructions of the trial judge to the jury were that the only excuse that would avail the plaintiff in her refusal to make title was her husband's refusal to join in the conveyance, and that if he had not refused to join, and she resorted to a plea of his refusal as a scheme to avoid the conveyance, she could not recover. And the burden was upon her to show her husband's refusal. This is a reasonable rule. An honest woman will try to perform her contract to sell her real estate by asking her husband to join in the deed. This is a very simple matter, and, if the husband refuse, it is an end of specific performance.

He may refuse for any reason or for none at all. It is sufficient that he refuse, to release the wife from her agreement to convey, but to release her when he does not refuse to join in the conveyance would be in contravention of the plain spirit of the act of 1893, and would turn it into a piece of legislation in aid of every dishonest feme covert disposed to repudiate her contract for the sale of her real estate from whim, caprice or because she imagines or discovers that she ought to have received more money for her property.

At the time of the second trial the husband of the plaintiff was dead, and she was in a position to make a deed to McCormick. As she failed to show that she could not have made it during the lifetime of her husband, and before she brought this suit, she was rightfully denied a recovery by the verdict of the jury, and must now be content with the purchase money to be paid her by her vendee.

The assignments of error are overruled and the judgment is affirmed.