## Irvin, Appellant, *v.* Blacka et al.

Argued October 1, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*J. R. Sheppard,* for appellant.

*Frank R. Murdock,* with him *F. W. Stonecipher, J. M. Ralston, C. L. Cunningham, John A. Patterson* and *Addison Lyon,* for appellee, was not heard.

PER CURIAM, November 23, 1931:

This controversy concerns the ownership of a house and lot situated in Cheswick Borough, formerly Harmar Township. Clara M. Irvin, a married woman, instituted the present proceedings in ejectment to recover possession of the land in question from John A. Patterson who holds the record title to the premises, F. L. Blacka, the tenant in possession, and the Verona Building & Loan Association, holder of a mortgage on the property. Patterson, the claimant, and plaintiff, both claim from a common source of title, Watt D. Irvin and wife. The evidence shows that plaintiff and her husband, Glenn F. Irvin, possessed and resided on the property in dispute from 1921 to 1926. Plaintiff alleges she purchased the property in 1921, but that, at the time of purchase, procured the deed to be made to her father-in-law, Watt D. Irvin, and his wife, Bertha F. Irvin. This deed in the Irvins' names was duly recorded in the recorder's office of Allegheny County. Plaintiff further alleges she had an understanding with the senior Irvins that they were merely to hold the property in trust for her and would convey the same to her when requested so to do; that in June, 1924, she requested and received from them such a

deed conveying the property in fee to her, but that this deed was not recorded, and had passed from her possession at the time of this trial. In 1925, Glenn F. Irvin, plaintiff's husband, negotiated for the sale of the property in suit to Mary A. Beegle. These negotiations failed, however, and later other negotiations with Patterson, present claimant-defendant, were entered into and culminated in an exchange of properties between Patterson and Watt D. Irvin. A written agreement, dated November 5, 1925, effected this exchange; it provided that Watt D. Irvin and Bertha F. Irvin would convey the property in suit (subject to a mortgage) to Patterson in consideration of a conveyance of Patterson's farm in Springfield Township, Erie County (also subject to a mortgage), plus the sum of $2,500. The agreement was signed by Watt D. Irvin, Bertha F. Irvin, Glenn F. Irvin as "agent," and J. A. Patterson. The evidence shows that the $2,500, less a sum for taxes, etc., was paid to plaintiff, that the deed to the Erie County farm was made to plaintiff and her husband, and that they vacated the Cheswick property, which was deeded to Patterson, and moved onto the Erie farm soon after these transactions were closed. The court gave binding instructions in favor of defendants, refused a new trial, and plaintiff appealed.

The record fails to show that Mrs. Irvin has offered to return to Patterson either the money paid her or the land she acquired in consummating the transaction. The situation is substantially this: Plaintiff, apparently not pleased with the bargain into which she entered, now seeks to repudiate it and attempts to accomplish annulment of its terms by relying on the Act of June 8, 1893, P. L. 344, requiring a husband's joinder in the conveyance of real property by a married woman. Clearly the present case, as pointed out by the court below, is controlled on this point by McCoy v. Niblick, 228 Pa. 342, where we said in a proceeding in which a married woman was unable to carry out an honest contract to sell

(page 345) : "She is not morally blamable......, but when she capriciously will not perform, she becomes not only persona non grata in foro conscientiæ, but a plaintiff without a cause of action in a suit at law in repudiation of her contract." The evidence shows Mrs. Irvin was fully advised of the transaction, that her husband signed the written agreement as her agent, that the agreement was entered into at the "will of Mrs. Irvin," and she not only went into possession of the Erie County farm, taking title thereto with her husband, but also accepted the cash payment which passed from Patterson to the vendors and which she still retains. All of this seriously questions the bona fides of her present action. We find no evidence of the husband's refusal to join the wife in a conveyance of the property, nor is there anything in the record tending to show he was requested to do so. There is evidence that he knew of and assisted in the consummation of the sale and delivery of the property in suit to Patterson, in fact he acted as his wife's agent throughout in doing so. Further, we agree with the court below that the alleged deed of conveyance from the father-in-law and mother-in-law to plaintiff is left in great doubt by the evidence and its existence was not completely proved. Upon this state of the record, the court properly instructed for defendants. Plaintiff testified she gave the title deed to Patterson. However that may be, Patterson's possession of the property was rightfully procured under the written agreement above referred to, and, as pointed out by us in Richards v. Buffalo, etc., R. R. Co., 137 Pa. 524, 529, 530, such possession under right thereto is a complete defense in ejectment.

As to the rights of the Verona Building & Loan Association, the mortgagee, there is nothing in the record which would place the association in any position other than that of a bona fide mortgagee for value without notice of defect in the title.

The judgment is affirmed.