## Minick *v.* Marshall, Appellant.

*Deed—General warranty—Mortgage—Subsequent acquisition of title by mortgagor.*

Where the owner of land mortgages the same and subsequently conveys it with a general warranty enuring to the grantee "his heirs and assigns," and thereafter again takes title to the land from a person who had purchased it at a sheriff's sale under the mortgage, such owner or anyone claiming title under him with record notice of the prior conveyances, holds the legal title in trust for the warrantee or anyone claiming under him.

Argued April 12, 1911. Appeal, No. 46, April T., 1911, by defendants, from judgment of C. P. No. 1, Allegheny

County, Dec. T., 1909, No. 619, for plaintiffs on case stated in suit of Louise Minick et al. v. Robert Marshall et al.   Before Rice, P. J., Henderson, Orlady, Head, Beaver and Porter, JJ.   Affirmed.

Case stated in ejectment for land in Penn township.

Macfarlane, J., filed the following opinion:

A case stated should be as brief and clear as possible and in such order that the questions involved become apparent upon reading the facts.   Here counsel have given us an abstract of title from which we have been obliged to construct a statement of the facts raising the question which we understand the parties wish to be decided.

1. John Yourd was the owner of two adjoining tracts of land marked on the plan A and B.   In 1875 he made a mortgage upon B to T. Walter Day.

2. June 28, 1890, Yourd conveyed to Wingenroth tract A and a portion of B, which portion is marked C in the plan, a part of which is the property in dispute. The deed contained a clause of general warranty.

3. Wingenroth on June 3,. 1892, made a mortgage to Minick covering tract C, this mortgage being second to mortgage of Yourd to Day.

4. Sci. fa. was issued on the Day mortgage which had been assigned to Jane Marshall, and on January 18, 1896, the sheriff sold and made deed for tract B (including C) to Jane Marshall.

5. On March 2, 1896, Wingenroth's interest was sold by the sheriff to Minick, upon confessed judgment from Wingenroth to Minick, and Minick's title has now vested in the plaintiffs, Louise Minick et al.

6. On July 6, 1896, Jane Marshall conveyed B (including C) to John Yourd.

7. By orphans' court sale in estate of John Yourd and by devise to the grantee, Yourd's title passed to Benjamin Marshall et al., the defendants.

The plaintiffs claim title first through the sheriff's sale of Wingenroth's interest on March 2, 1896, but prior to that the title to the disputed tract had passed to Jane Marshall and were there nothing more, plaintiffs would have no title.

Yourd was bound to pay the mortgage in relief of Wingenroth, his grantee, and when he permitted it to go to sheriff's sale and then purchased it, he was but paying the debt which he was bound to discharge and his title subsequently acquired enured to the benefit of Wingenroth, or those who stood in his shoes. The deed as against Wingenroth operated as a satisfaction of Yourd's mortgage: Skinner v. Starner, 24 Pa. 123.

The situation was apparent in the chain of title, and when the Marshalls purchased from Yourd's administrator they had notice of his conveyance to Wingenroth and of the obligation to him.

Now, July 5, 1910, we are of opinion that the plaintiffs are entitled to have possession of the real estate described in the first paragraph of the case and judgment is entered in favor of the plaintiffs and against the defendants for the following piece of ground, with costs of suit.

*Error assigned* was the judgment of the court.

*H. V. Blaxter*, of *Lazear & Blaxter*, for appellants.— Minick could have no right of action for the property in dispute, or for damages, unless the right of action for the breach of the covenants vested in Wingenroth had passed to the plaintiffs. This, we submit, was not the case, because it is well settled that a right of action for breach of covenants of title, being a chose in action, does not run with the land, but passes only by direct assignment: Provident Life & Trust Co. v. Fiss, 147 Pa. 232; Dailey v. Beck, 4 Clark (Pa.), 58; Ladd v. Noyes, 137 Mass. 151.

Minick was a stranger to the covenant, being neither a privy in contract nor in tenure, and no stranger can

take advantage of a covenant: Streaper v. Fisher, 1 Rawle, 155.

*E. J. I. Gannon,* for appellees.—When a person conveys land, in which he has no interest at the time, but afterwards acquires a title to the same land, he will not be permitted to claim in opposition to his deed, from the grantee or any person claiming under him: Brown v. McCormick, 6 Watts, 60; Root v. Crock, 7 Pa. 378; Knowles v. Kennedy, 82 Pa. 445; Bachop v. Critchlow, 142 Pa. 518; Logan v. Neill, 128 Pa. 457; Com. v. Bierly, 37 Pa. Superior Ct. 496; Jordan v. Chambers, 226 Pa. 573; Smilie's Est., 22 Pa. 130; Washabaugh v. Entriken, 34 Pa. 74; Easton Boro.'s App., 47 Pa. 255.

OPINION BY HEAD, J., October 9, 1911:

The material facts in this case, not in dispute, are clearly stated in the opinion of the learned trial judge entering judgment for the plaintiffs.

It is not denied that when John Yourd, the common ancestor in title of the parties, in 1875 executed and delivered his mortgage to Day, that mortgage became the first lien on all of the property therein described which included the land that is the subject of this controversy. Consequently when that mortgage was foreclosed, the sheriff's vendee, Jane Marshall, took a good title.

In 1890, while the mortgage already referred to was unpaid and a valid and subsisting lien, John Yourd undertook to convey, inter alia, the same land to one Wingenroth. The deed was in the usual form for conveying a fee simple title and contained a covenant of general warranty, which in form as well as in legal effect, was made with and enured to the benefit of not only the grantee but also "his heirs and assigns."

As long as the holder of that mortgage, or the vendee at the sheriff's sale, resulting from its foreclosure, were strangers to the deed from Yourd to Wingenroth and unaffected by the covenants contained therein, neither Wingenroth

nor his successors in title, the present plaintiffs, could successfully claim to hold the land as against such mortgagee or vendee.

But in 1896, shortly after the sheriff's sale on the first mortgage, the vendee at that sale conveyed the land again to John Yourd, the same individual who had previously conveyed to Wingenroth, by a deed in which he solemnly covenanted that there was neither incumbrance nor outstanding title effective to overthrow or impair the grant he then made. Under such circumstances what obligation did the law impose upon Yourd, the grantor, and how would that obligation operate in case he subsequently purchased the outstanding mortgage or the title to the land itself following the sheriff's sale which had extinguished the lien of the mortgage? These questions are authoritatively answered in the case of Skinner v. Starner, 24 Pa. 123, a case which in these respects is practically on all fours with that presented by this record. There one White had conveyed to King by a deed of general warranty. At the time of the conveyance there was an outstanding judgment against White, the grantor, which was a lien. Upon that judgment an execution was later issued and the property was sold by the sheriff to one Bailey who later on conveyed to White, the grantor of King and the judgment debtor in the judgment just referred to. In that case Mr. Justice LEWIS said: "As between Elijah White and John King, the conveyance, with general warranty, bound White to discharge the judgment, which subsisted as a lien against the land at the time. The title subsequently acquired by White, in pursuance of a sale under that judgment, would, as between them, enure to the benefit of King, or those who stood in his shoes."

It was therefore the duty of Yourd to satisfy the mortgage which was a menace to the title he had warranted to Wingeroth, and, failing in the discharge of that duty, when the property was forced to sale and he later on acquired the title of the sheriff's vendee, that title, in so far as it affected the land he had previously conveyed, he held but

as a trustee for his grantee, and neither he nor those claiming under him, the present defendants, could be permitted to set up that later acquired title to overthrow the estate which he had in the manner described conveyed to Wingenroth.

If Wingenroth then were the plaintiff in this action, his title would prevail against any claim of John Yourd by virtue of his purchase from the sheriff's vendee, and it would for the like reason prevail against the present defendants, who, with record notice of all of these facts, bought John Yourd's interest in the land at the orphans' court sale of his property. We can see no good reason why the present plaintiffs who hold under Wingenroth should not be able to enforce the same rights which he could have done because the covenant of general warranty, out of which Yourd's obligation arose, was made not only with Wingenroth but with his heirs and assigns. This question too it seems to us has also passed beyond the region of debate. In Clark v. Martin, 49 Pa. 299, WOODWARD, C. J., said: "It is not to be doubted that a vendor who undertakes to sell a full title for a valuable consideration, when he has less than a fee simple, but afterwards acquires the fee, holds it in trust for his vendee, and will be decreed to convey it to his use, and equally clear is it that if a vendee mortgage his title, the perfection of the title by the vendor enures to the benefit of the mortgagee: Brown v. McCormick, 6 Watts, 60; Tyson v. Passmore, 2 Pa. 122."

We are of opinion, therefore, that the learned judge below was right in entering judgment for the plaintiffs.

Judgment affirmed.