Opinion by
Porter, J.,
This is a proceeding, under the Act of May 17, 1866, P. L. 10.96, as amended by the Act of March 22, 1907, P. L. 29, to enforce the payment of money which had been charged upon real estate, by proceedings in partition in the orphans’ court. A large tract of land of which James C. Higinbotham had died seized was in proceedings in partition, in the year 1871 allotted to one of the heirs at a valuation of $13,566.30, charged with the payment to the widow of said decedent annually of the interest on one-third of said valuation, to wit, $4,522.10, during her life and at her death the principal thereof to those legally entitled thereto. The heir to whom the land was allotted sold and conveyed a part of the tract subject to the payment of a part of the dower charge and the interest thereon and the remainder of the tract was subsequently sold, as the property of the allottee at sheriff’s sale.
All of the parties agree that a tract, containing ninety-five acres and 149 perches, being part of the original tract, has become legally liable for the payment of a part of this dower charge amounting to $1,849.17. Rachael Higinbotham who was the widow of decedent died in 19.09 seized of and for many years had owned in fee this tract of. land containing ninety-five acres and 149 perches, excepting a certain stratum of coal called the Nine Foot Monongahela Vein, also known as the Pittsburg Coal Seam, underlying said tract, which stratum of eoal was owned by the Pittsburg Coal Company.
Rachael Higinbotham died on April 30, 1909, and by her will devised this tract of land to the appellees. The heirs of James C. Higinbotham, the decedent, to whom the *461 said sum of $1,849.17, the part of the dower charge for which this tract was liable, became payable upon the death of the widow, subsequently presented to the court below their petition in this proceeding, reciting the facts above stated and in addition thereto the following. That oil January 21, 1890, Rachael ^Higinbotham and Robert S. Goe were seized and possessed by proper legal assurance of record of the entire tract containing ninety-five acres and 149 perches, the said Goe, however, owning only an undivided one-half interest in the stratum of coal in question, the other undivided half of the coal and every other interest in the land belonging to Rachael Higinbotham. That on said January 21,1890, Rachael Higinbotham and Robert S. Goe by deed of general warranty, each warranting the title and specifically warranting it "against any and all incumbrances whatsoever,” granted and conveyed to Jacob E. Ridgeway all the coal in the Nine Fobt Monongahela Vein, also known as the Pittsburg Coal Seam, underlying the said tract of land, together with certain mining rights specified. The petition further averred that Rachael Higinbotham had made no other conveyances of any part of the tract, and had died seized of every interest in the land, except the coal which she had conveyed to Ridgeway, and that she had by will devised the land of which she thus died seized to the appellees. The petitioners prayed the court to decree that the $1,849.17, with interest from the date of the death of the widow, charged upon the tract, shoúld be paid out of the land which passed to the appellees, under the will of Rachael Higinbotham, to wit, all that tract, describing it by metes and bounds, containing ninety-fivé acres and 149 perches; excepting and reserving thereout and therefrom all the coal in the Nine Foot Monongahela Vein, also known as the Pittsburg Coal Seam, together with the mining rights specified in the deed from Rachael Higinbotham and Robert S. Goe to Jacob E. Ridgeway.
The appellees demurred to the petition, alleging that Jacob E. Ridgeway had by deed dated January 7, 1902, *462 and of record in the recorder’s office of Fayette county, conveyed the coal and mining rights in question to the Pittsburg Coal Company of Pennsylvania, and that company was the present owner of said coal and mining rights; and ought to be made a party to the proceeding. The court thereupon directed a citation to issue to the Pitts-burg Coal Company and that it be made a party to the proceeding.
The Pittsburg Coal Company filed an answer, alleging that Rachael Higinbotham had on January 21, 1890, been the owner of the tract of land in question, except an undivided one-half interest in the coal, which was owned by Robert S. Goe, that she did on said day together with said Goe join in a conveyance of the coal seam and mining rights in question to Jacob E. Ridgeway, and did by said deed specifically warrant the title "against any and all incumbrances whatsoever.” That the title of said grantors to said land was, at the time of said conveyance, incumbered by said dower charge, the interest on which was payable to said Rachael Higinbotham during her lifetime, and at her death the principal thereof to those legally entitled thereto; that said Rachael Higinbotham made no further conveyance and died April 30, 1909, and that the remainder of said premises out of which the petitioners sought to collect the principal of the said dower charge was amply sufficient to pay said charge. That Ridgeway did by deed dated January 7, 1902, recorded in the recorder’s office of Fayette county, for the consideration therein mentioned, which was full value for the property conveyed and all of which was paid, convey the said coal and mining rights to the Pittsburg Coal Company, the present owner. This answer averred that the coal company ought not to be compelled to contribute to said charge, for the reason that the interest which passed to the appellees, under the will of Rachael Higinbotham, was only the interest which the testatrix had left to devise, that their rights could rise no higher than hers, and that as she had conveyed the coal by deed of general warranty, *463 specifically warranting the title against all incumbrances, the surface which she retained should be first hable for all of said charge before resorting to the coal. The appellees having filed an answer the cause proceeded to a final hearing, and the court decreed that the devisees of Rachael Higinbotham, the appellee, "present owners of the surface, and the Pittsburg Coal Company, present owner of the coal,” should pay (to the parties legally entitled, designating them by name and the amounts to which they were respectively entitled). "The same to be paid in proportion to the value of the coal and the surface.” And, "3. It is further ordered and decreed that the several payments be made within thirty days from this date, otherwise, on application, the court will issue the usual writ for the collection of the same against the land, coal, and surface.” From this decree both the Pittsburg Coal Company and the petitioners appealed; in the present case we deal with the appeal of the former.
There was no dispute as to the facts in this case. Every allegation of fact contained in the petition in which the proceeding had its origin, and in the answer filed by the Pittsburg Coal Company, was admitted by the appellees to be true. There is no question as to the amount of the charge to which the tract of land as a whole is liable, nor as to the identity of the parties to whom the money ought to be paid. There can be no profit in discussing the nature of the charge upon land, in a proceeding in partition, to secure the interest of the widow of the decedent, by requiring the payment of the interest on the sum to her during her life, and the principal to the persons legally entitled, upon her death. The widow in the present case is dead and the charge upon the land is now certainly a mere hen, which would be discharged by a sheriff’s sale: Riddle & Pennock’s App., 37 Pa. 177; Levengood’s Est., 38 Pa. Superior Ct. 491. The incumbrance is a hen upon the entire tract, but the land has been divided, and the distinct parts of it are owned by different parties. When, in January, 1890, Rachael Higinbotham joined in the *464 deed which conveyed the coal to Ridgeway, and in the covenant, in which she undertook for herself, her heirs, and assigns to warrant and defend the grantee, his heirs and assigns, against all and every other person lawfully claiming or to claim the said premises or any part thereof, “And against any and all incumbrances whatsoever,” the effects of that deed and those covenants were precisely the same as if she had divided her land perpendicularly into separate lots, instead of horizontally. The appellants have succeeded to the title which Ridgeway acquired under that deed and they are entitled to the benefit of all its covenants. Rachael Higinbotham was by the covenants of her deed required to discharge the incumbrance in question, and she and all those who claim under her are estopped to assert that the land of the appellant which passed under that deed should contribute to reheve the land which she retained from the charge which was an incumbrance upon the entire tract: Myers v. Brodbeck, 110 Pa. 198; George v. Brandon, 214 Pa. 623; Waslee v. Rossman, 231 Pa. 219; Minick v. Marshall, 48 Pa. Superior Ct. 43. The learned judge of the court below was clearly right in holding that the charge was a lien upon the coal as well as upon the surface, it bound every element of the land. The statute which conferred jurisdiction upon the court to entertain this proceeding, however, provides that the court “shall proceed according to equity to make such decree or order for the payment of said charge, out of such real estate, as shall be just and proper.” It is a principle of equity, where there have been successive conveyances of land incumbered by a common lien, that the lands are chargeable in the hands of the grantees in the inverse order of the conveyances. The grantee has a right to insist upon the application of this principle, and it follows that if the title to any part of the land which is subject to the common lien remains in his grantor, such part must first be applied to the discharge of the lien. ' “The equity grows out of the fact that he has paid the purchase money, and the consequent *465 obligation of the grantor, or whomsoever may have assumed the place of the grantor, to protect him in the enjoyment of the land for which he has paid. If the earlier grantee has not paid the purchase money he has acquired no such equity. To the extent to which that remains unpaid, he is held to contribute to the discharge of the paramount hen, for the purchase money which remains in his hands is not his, but the grantor’s:” Beddow v. Dewitt, 43 Pa. 326. Generally, an incumbrancer who enjoys the security of two estates or funds, possesses both the legal and equitable right to resort to either for payment; unless the equitable rights of others are thereby prejudiced: Davis’s Est., 47 Pa. Superior Ct. 240, 247, and cases there cited. The deed from Rachael Higinbotham and Goe to Ridgeway and that from Ridgeway to this appellant had been on record for many years prior to the death of Rachael Higinbotham. The appellant was a purchaser for value who had made full payment of the purchase money. - The record was full notice to all the world that the appellant had the equitable right to insist that that part of the land, the title ,to which remained in Rachael Higinbotham, should be first applied to the discharge of the common hen. The appellees were not only affected with notice of this equitable right, but they never became purchasers for value, they took title under devise from Rachael Higinbotham, they held the land subject to the same equities, and have no right to require the property of the appellant to contribute to the payment of this dower charge: Mc-Devitt & Hays’s App., 70 Pa. 473, 376; Robeson’s App., 117 Pa. 628. It is very clear that the Pittsburg Coal Company had the right to insist that those who were entitled to payment of the dower charge should first proceed against the property which was devised by the will of Rachael Higinbotham to the appellees. The petitioners in this proceeding recognized the equitable right of the appellant and prayed the court to decree that the charge should be paid out of the property of the appellees; this would seem to be proper, for the reason that they might *466 do voluntarily what the law would compel them to do: Horning’s Executors’ App., 90 Pa. 388, 391.
The petitioners were entitled to the decree for which they originally prayed, but as the appellant, who owns the coal underlying the lands of the appellees has been brought into court and made a party to the proceeding, it is within the power of the court to enter a decree which will finally determine the rights of the parties. The entire charge should be paid out of the real estate of which Rachael Higinbotham died seized, and which the appellees took by devise under her will; if the charge is not paid by the appellees and if the fund realized from the sale of said real estate is not sufficient to discharge it, then the coal owned by the appellant, underlying the land, is liable for the unpaid balance.
The decree is reversed, and it is ordered that the record be remitted to the court below, with instructions to enter a decree in accordance with the principles indicated in this opinion; and the costs of this appeal to be paid by the appellees.