Opinion by
Rice, P. J.,
In the first assignment of error defendants complain of the affirmance of the plaintiffs’ point, that under all the evidence the verdict must be for the plaintiffs. The learned counsel for the defendants argue that this instruction was erroneous because, in the first place, the plaintiffs could *594 not jointly maintain an action of ejectment for a tract of land to the component parts of which they held title by separate and distinct deeds. Ordinarily this would be true. But it is stated in the defendants’ history of the case, as well as in their argument, that the plaintiffs were ruled to bring an action of ejectment under the Act of April 16, 1903, P. L. 212; and it is stated in the opinion of the learned trial judge, that this appeared on the trial. The order of court on the rule is not printed in either paper-book, but it is stated in the plaintiffs’ book, and this is undisputed, that the action was brought pursuant to that order. It further appears, by the extract from the record of that proceeding printed In the plaintiffs’ paper-book, that the application was instituted by these defendants j ointly against the plaintiffs jointly, and that the land was described as one tract, and not as three parcels. At this time the plaintiffs’ deeds were on. record, and thus the defendants had constructive notice of the nature of their title or titles, and could have framed their rule accordingly. But, besides that, there is the highly important fact that, after the plaintiffs had filed their statement and abstract of title, showing the plaintiffs’ title in severalty to the three lots composing the entire tract, the defendants pleaded the general issue and filed their answer and abstract, in which they raised no objection to the joinder of Peter Schmidt, as one of the plaintiffs, or to the joinder of the three other plaintiffs and the three lots in one action, and set up no defense that was peculiar to either of the plaintiffs. Nor was the objection raised, so far as the record shows, until after the jury was sworn. No one was prejudiced by the manner of bringing and trying the action; but, on the contrary, time and expense were saved and the convenience of every one was subserved thereby. Under all the circumstances, the parties on both sides, as well as the court, must be deemed to have assented to the procedure; and, as no public policy was contravened thereby, it was too late, after going to trial, for the defendants to withdraw their implied assent, and thus defeat the action.
*595 Three of the plaintiffs claimed by deeds from Peter Schmidt. The defendants claimed under a prior parol contract for the sale of the land by Peter Schmidt to Anna Elizabeth Lieberum. The court charged that the evidence of this alleged parol sale was insufficient to take it out of the operation of the statute of frauds, and this instruction constitutes the second ground of complaint. We cannot better present the question and show the grounds of our decision, than by quoting from the opinion of the learned trial judge overruling the motion for a new trial. He said: “It is admitted by the pleadings that the title to the land in question was vested in Peter Schmidt, one of the plaintiffs, in 1890. Some time thereafter he laid out the land in question in lots, and afterwards put on record a plan of the lots in which the land in question here was marked ‘Anna Elizabeth Lieberum.’ It further appeared that Anna Lieberum in her lifetime was in possession of the land in question and cultivated it, she being the wife of Christian Lieberum, one of the defendants, who lived upon an adjoining tract, and that after her death her heirs, who are the defendants, were in possession of the land, paid the taxes on it, and occupied it as a garden, and' according to some of the evidence planted a few trees thereon. Some evidence was given to show that a purchase price of $100 had been agreed upon between Peter Schmidt and Anna Lieberum, and that some of it was paid. . . .
“ The defendants in their abstract of title claim title as follows: (a) payment of consideration; (b) delivery of seizin; (c) adverse possession from 1891; (d) payment of taxes; (e) promise of delivery of deed; (f) by reason of the name of Anna Elizabeth Lieberum written across the lots in question, as shown in the plan of Peter Schmidt. As the adverse possession claimed is not for twenty-one years it could not give title, and none of the other matters alleged appears to us to be sufficient to take the case out of the statute, the land being unimproved and no valuable improvements having been made upon the faith of any pur *596 chase.” Even in that liberal view of the facts the conclusion was right, for, as it was not claimed that the whole of the purchase money had been paid, it became essential for the defendants to give evidence of expenditure for improvements not reimbursed by profits derived from the occupation of the land, and not capable of compensation in damages. But the statement of the facts, particularly as to the contract and as to the payment of part of the consideration, was rather more favorable to the defendants than they could insist upon under the evidence. Some admissions of Peter Schmidt were testified to, to the effect that he was to make a deed to Mrs. Lieberum — that he had to make a deed to her — but there was no evidence of a meeting between them when anything was agreed upon. Ñor can we find any evidence, even of his admissions, which would enable the court or jury to say what was the consideration agreed upon. In Hart v. Carroll, 85 Pa. 508, a case that has been many times followed, it was held: “In order to take parol contract for the sale of lands out of the operation of the statute of frauds, its terms must be shown by full, complete, satisfactory and indubitable proof. The evidence must define the boundaries and indicate the quantity of the land. It must fix the amount of the consideration. It must establish the fact that possession was taken in pursuance of the contract and at or immediately after the time it was made, the fact that the change of possession was notorious, and the fact that it has been exclusive, continuous and maintained. And it must show performance or part performance by the vendee which could not be compensated in damages, and such as would make rescission inequitable and unjust.” As already indicated, the evidence as to the terms of the contract and as to the amount of the consideration wholly fails to come up to this standard. Again, we can find no evidence that Mrs. Lieberum, or anyone for her, paid part of the purchase price. True, the notes of testimony show that a check for $25.00, bearing the indorsement of Peter Schmidt, was offered in evidence. *597 But it is not printed, and who was the drawer and what it was given for, are matters left wholly to surmise. There was, therefore, all the more reason for proof of improvements which could not be compensated in damages, and as to these the proof was lacking.
The third complaint is, that the court refused a new trial, which it is said was applied for upon the ground of after-discovered evidence. We think the court properly disposed of that rule, first, because it was not shown that the evidence was after discovered, as that term is understood in the law relating to new trials; and second, because the evidence of the witness, though somewhat more definite upon some of the features of the case than that produced on the trial, was still insufficient to change the result.
The judgment is affirmed.