# Farmakis *v.* Crown, Appellant.

*Vendor and vendee—Contract—Time as essence of contract—Improper rescission—Vendor holding subsequently acquired title for vendee.*

1. Where a vendee of land under a contract of which time is the essence, presents himself at the appointed time and place of settlement, waits for an hour and a half for the vendor to appear, and then departs, leaving his telephone number for the vendor to call him, and the vendor appears three hours after the appointed time, the latter cannot, without further communication with the vendee, elect to cancel the contract.

2. In such case where the vendor, who was acting as agent for his sister, the real owner of the property, but without written authority from her, takes title from her six months after the appointed time of settlement, specific performance will be decreed against him

(although the contract was not enforceable against his sister under the statute of frauds), in analogy to the rule that a vendor who undertakes to sell for a valuable consideration, but cannot make title, will in equity be considered as holding for the benefit of his vendee any subsequent title purchased by him.

Argued April 27, 1921.   Appeal, No. 432, Jan. T., 1921, by defendant, from decree of C. P. No. 3, Phila. Co., Dec. T., 1919, No. 4761, for specific performance, in case of John D. Farmakis v. Philip Crown.   Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.   Affirmed.

· Bill in equity for specific performance of contract to sell real estate.   Before FERGUSON, J.
The opinion of the Supreme Court states the facts.
Decree for specific performance.   Defendant appealed.

*Error assigned,* among others, was decree, quoting it.

*Yale L. Schekter,* with him *Brown & Williams,* for appellant.—Defendant expressly made the agreement of sale to complainant as agent; he did not affect to contract as principal; and the contract being unenforceable solely by reason of the statute of frauds, defendant agent cannot be held liable thereon· in his individual capacity: Hopkins v. Mehaffey, 11 S. & R. 126; Harper v. Jackson, 240 Pa. 312.

*W. Horace Hepburn, Jr.,* for appellee.—The statute of frauds does not apply: Simons's Est., 140 Pa. 567; Taylor v. Adams, 2 S. & R. 534; Hatcher v. Hatcher, 264 Pa. 105.

Defendant was more than an agent, and came within that class of cases where the defendant had assumed to act as principal, although signing as agent, and consequently being able to perform the contract is liable for its performance: Barrett v. King, 64 Pa. Superior Ct. 601; Fehlinger v. Wood, 134 Pa. 517; Claghorn's Est.,

181 Pa. 600; Gumaer v. Barber, 182 Pa. 31; Frick v. Shimer, 26 Pa. Superior Ct. 563; Lieberman v. Colahan, 267 Pa. 102.

OPINION BY MR. JUSTICE FRAZER, July 1, 1921:

Defendant, as agent for Eva Baratz, his sister, agreed in writing to sell to plaintiff a lot of ground situated on the southwest corner of 42d Street and Parkside Avenue, Philadelphia, with the improvements, for the consideration of $11,000, payable as follows: $500 on signing the agreement; the sum of $8,000 to remain in two mortgages then on the premises; and the balance, $2,500, at the time of settlement, to be within fifteen days from the date of the agreement. Time was to be of the essence of the contract. At the hour fixed for settlement, plaintiff was present at the real estate office agreed upon as the place, but neither defendant nor his sister appeared until three hours later when defendant arrived, plaintiff in the meantime having left the office, and defendant elected to rescind the contract and forfeit the deposit money because of alleged failure of plaintiff to carry out the terms of the agreement. Six months later defendant received conveyance of the property from his sister; upon discovering this fact plaintiff instituted the present proceedings against defendant asking that he be decreed to specifically perform the contract and convey the property to him. A decree was accordingly entered and defendant has appealed.

The court below found, and its finding in this respect is amply supported by the testimony, that on September 21st, at 12 o'clock, noon, the hour agreed upon for settlement, plaintiff appeared at the place designated, prepared to carry out his part of the agreement and, after waiting an hour and a half and neither defendant nor his sister having appeared, gave his telephone number to the real estate agent and left the office. Defendant arrived at the place for settlement agreed upon at 3:30 o'clock that afternoon and on being informed that plaintiff could

be called on the telephone, declined to await his return to the real estate office and declared the deposit money of $500 forfeited, which sum he still retains.  On the same evening and on several occasions afterwards, plaintiff endeavored to induce defendant to make settlement, but without success.  Plaintiff was unable to secure the address of defendant's sister who he was told resided in New York.

Plaintiff testified defendant informed him he (defendant) was, in fact, the real owner of the property and that it had been conveyed to his sister to avoid seizure by creditors.  Defendant, however, denied ownership at the time the agreement was entered into, and the court below deemed a determination of this question unnecessary.  The defense is based on the fact that the authority of defendant as agent for his sister was not in writing, consequently not binding on her under the statute of frauds, and as defendant executed the agreement as agent there was no personal liability on his part.  The court below held, however, that defendant, by subsequently taking title with notice of the contract which he executed and the circumstances connected therewith, became liable in equity to perform as principal the undertaking entered into by him as agent.  Counsel for defendant in their argument state a review of the findings of fact is not asked for but contend they fail to justify the decree for specific performance.

We agree with the conclusion reached by the court below.  Although the contract was not enforceable against the legal owner for whom defendant acted as agent and would not ordinarily have been enforceable against defendant, nevertheless, as the fact of his agency was disclosed, the present case is an exception to the general rule, which, if enforced strictly, would permit defendant to profit by his own wrong.  The failure to make settlement was not due to any fault of plaintiff.  He was present at the time and place fixed and awaited defendant's coming for a reasonable time, yet neither defend-

ant nor his principal appeared. On defendant's arrival at the real estate office three hours late, he declined to take the trouble to call plaintiff on the telephone. He was in default and his action in rescinding the contract and declaring the deposit forfeited, without giving plaintiff an opportunity to complete settlement, was without justification and showed such lack of good faith on his part as to lend considerable support to the theory that he, in fact, was the equitable owner of the premises. However this may be, upon subsequently taking the legal title to the property with knowledge of the circumstances attending the failure to complete settlement, he took it subject to all equities in favor of plaintiff and will be compelled to carry out the contract in analogy to the familiar rule that a vendor who undertakes to sell for a valuable consideration, but cannot make title, will in equity be considered as holding for the benefit of his vendee any subsequent title purchased by him: Clark v. Martin, 49 Pa. 299; Minick v. Marshall, 48 Pa. Superior Ct. 43.

The decree of the court below is affirmed at the costs of the appellant.