# Hashagen *v.* Keal, Appellant.

*Vendor—Vendee—Real estate—Article of agreement—Specific performance—Reservation of spring.*

In a suit in equity to compel specific performance it appeared that the parties had entered into articles of agreement for the sale of a farm. It further appeared that, sometime previous to the execution of this agreement, the vendor had sold to his father the water rights of a spring, which was the only source of water on the farm, and that no notice had been given to the vendee of this sale, and that the latter believed he was buying the whole farm clear of any restrictions or reservations. Under these circumstances, a decree of specific performance was properly entered against both father, who acted as agent for the son, and the son requiring the conveyance of the farm and of the spring and of the water rights connected therewith.

Where an agreement of sale described the land as 59 acres and 72 perches, located in a designated township, purchased at a sheriff's sale on a given date, it is sufficiently specific to satisfy the statute of frauds.

KELLER and HENDERSON, JJ., dissent.

Argued March 5, 1924. Appeal, No. 37, Feb. T., 1924, by defendants, from decree of C. P. Luzerne Co., July T., 1921, No. 4, sitting in equity, granting a decree of specific performance in the case of Frederick W. Hashagen v. Albert C. Keal and William Keal. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Bill in equity for specific performance. Before FULLER, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered the following decree:

Now 9th day of January, 1924, upon due hearing by the court in banc, the exceptions are dismissed and the decree nisi, with said modification is made final thus:

This cause came on to be heard at this term and was

argued by counsel and upon consideration thereof by the court, it is ordered, adjudged and decreed:

1. That Albert Keal, render to the plaintiff specific performance of his agreement by depositing with the prothonotary, within fifteen days from notice of this decree, a good and lawful deed, in fee simple, free of all encumbrances, to the plaintiff, for the property described in the sheriff's deed dated March 22, 1916, recorded in Deed Book No. 498, at page 217, excepting the land and the spring conveyed by him to William Keal on April 22, 1916, by deed duly recorded on May 1, 1916, in Deed Book No. 505, at page 587, which deed thus deposited shall be deliverable by the prothonotary to the plaintiff, upon payment by him to the defendant, Albert Keal, or into court for his use, the balance of purchase money as agreed, within fifteen days after notice of the deposit of said deed.

2. That William Keal render to the plaintiff specific performance of his agreement by depositing with the prothonotary a good and lawful deed in fee simple, free of all encumbrances, to the plaintiff, for the spring and land contained in deed dated April 22, 1916, duly recorded May 1, 1916, in Deed Book No. 505, page 587, and conveyed to him by Albert C. Keal.

3. That the defendant, William Keal, pay the costs.

*Error assigned* was the decree of the court.

*G. J. Clark,* for appellant.—There was not a sufficient identification of the land to be sold and a decree of specific performance should not have been granted: Hart v. Carroll, 85 Pa. 508; Schmidt v. Lieberum, 51 Pa. Superior Ct. 591; O'Connell v. Cease, 267 Pa. 288; Barnes v. Rea, 219 Pa. 287; Mellon v. Davison, 123 Pa. 298.

*Charles P. Waller,* and with him *P. L. Drum,* for appellee.—The defendant cannot interpose the statute of frauds, and the contract itself is self-sustaining: Smith

and Fleck's App., 69 Pa. 474; Shaw v. Cornman, 271 Pa. 260; Baxter v. Calhoun, 222 Federal Reporter 111.

The plaintiff had a right to insist upon the specific performance of the contract: Whiteside v. Winans, 29 Pa. Superior Ct. 244; Hollis v. Bland, 62 Pa. Superior Ct. 505; Parr v. Clarke, 3 Atk. 515; 21 C. J. 316; Watts v. Cummins, 59 Pa. 84; Farmakis v. Crown, 271 Pa. 140.

OPINION BY LINN, J., April 21, 1924:

Plaintiff filed a bill against father and son for specific performance of a written contract to sell a farm. The decree ordered each to convey the title by him held. The father alone appealed; he has not brought up the oral evidence, desiring our review only of the rest of the record.

The farm had been owned by the father, William Keal, who sold it to Rocco Lasco; on a judgment held by him against Lasco, it was sold by the sheriff on a thousand dollar bid to the same William Keal, March 11, 1916. He settled his bid with the sheriff for $275, and title was taken in his son, Albert C. Keal, the other defendant, a young unmarried man, living with his father on a farm adjoining the one that is the subject of this dispute. Of this defendant son, the court below said: "He was a cipher in this transaction and in all the subsequent history of the case. After the sheriff's sale, while the legal title stood in the son's name, the visible possession, ownership, and control was in the father with the son's acquiescence for every purpose of farming, leasing, collecting and appropriating the rent as he pleased." There is nothing before us to contradict that.

On April 22, 1916, by deed soon recorded, the son, for a nominal consideration, conveyed to the father a small part of the farm with a spring on it, described as follows:

"That certain tract of land containing said spring, bounded by a circle described by a radius five feet in length with said spring as the center of said circle, and also the full right, liberty and privilege of maintaining

and repairing the pipe line, and to enter upon the lands of said Albert C. Keal,......his heirs, assigns and successors, however, to have the right to take from the main pipe line by a branch pipe sufficient water for his own use so long as it does not interfere with·a sufficient flow for the use of William Keal, his heirs, successors, and assigns, &c."

This spring is near the center of the farm and, as the court below found, is the only source of water on it, and a "very valuable feature" of it. The court below also said "plaintiff could not know that the spring was reserved and there was nothing upon the ground to indicate to him any reservation of the spring by William Keal......" In 1919, the son executed an informal writing, authorizing the father to sell "my property on the road to Freeland......" In 1920, the father, who, as the court found, had all along been "in exclusive and absolute possession of the whole," made, under seal, the written agreement of sale, sought to be enforced in this suit. It was drawn by a justice of the peace and recited that the father was acting "under letters of attorney issued by" the son, and provided "that the said William Keal agrees to sell [to plaintiff] all that certain tract of land situate in Butler Township aforesaid, purchased at sheriff's sale in Wilkes-Barre on April 3, 1916 [the date on which the sheriff acknowledged the deed to the son] and containing fifty-nine acres and seventy-two perches, neat measure, together with all the buildings thereon and the improvements, all growing grain, with the appurtenances, at and for the sum of Four Thousand Dollars, which said sum the said Fred W. Hashagen agrees to pay for the same in manner following; to wit; One hundred dollars upon the execution of this agreement, and the remaining Thirty-nine Hundred Dollars on April 1, 1920, upon delivery to him of a good and lawful deed in fee simple, free from all encumbrances, the expense of the conveyance to be borne by the said William Keal." It is also provided that William Keal should have "the

privilege of using the barn on said premises" for storage, subject to specified conditions; that he would transfer "his interest in all insurance on the buildings" at an agreed price; he also agreed to sell various kinds and quantities of grain. It will be observed that for some matters the father acted as agent for the son, the holder of the record title, and for others, as a principal. At that time plaintiff did not know of the conveyance by the son of the legal title to the spring, but believed, as the court below found, "that he was buying the whole, and he would not have bought without the spring, which constituted a most material inducement and element of value."

On February 2, 1920, plaintiff entered into possession of the property with the approval of both defendants, and remained there, making substantial improvements, with the personal assistance of the son. As agreed, the parties met for settlement, April 1, 1920, at the office of the justice who drew the agreement, who, as the court below found, "seems to have acted in an advisory way." Plaintiff was there with the money; defendants came and presented a deed executed by the son only. The court found: "The justice read it over carefully and pointed out that the spring was excepted in nonaccordance with the agreement, and plaintiff refused to accept the same. The Keals undertook to make it satisfactory, and a few days later the parties came together again in the office of plaintiff's attorney, plaintiff with the money, the Keals with another deed, which, however, on examination by the attorney, was found still to contain the objectionable exception although improved in other respects. Plaintiff tendered the money, demanding deed without the exception, and defendants tendered deed with the exception, and thus the matter stood." Various suits, among them, this, followed.

1. Appellant contends that the statute of frauds prevents the decree. We do not so understand it. As the court below says: "The agreement indicates the quantity

of land as 59 acres and 72 perches, neat measure; located in Butler Township; admitted by Albert in his answer to be the only land owned by him in said township; purchased at sheriff's sale at Wilkes-Barre; deed acknowledge on April 3, 1916, duly recorded in this county; possession immediately taken by plaintiff in pursuance of the contract; improvements made thereon by plaintiff; possession maintained up to the present time, and the spring in controversy on the land." That was sufficient: Hart v. Carroll, 85 Pa. 508, 510; Schmidt v. Lieberum, 51 Pa. Superior Ct. 591, 596; Farmakis v. Crown, 271 Pa. 140, 143.

2. Appellant's second contention is that father and son should not have been joined as defendants. The agency, and the state of the record title, required their joinder. Their own conduct made them necessary parties to granting adequate relief. The son was ordered to convey the property described in the sheriff's deed to him, excepting the land and spring by him conveyed to his father; and the father was ordered to convey "the spring and land contained in deed [by the sheriff to Albert C. Keal] and conveyed to him by Albert C. Keal."

3. Appellant also complains that in two instances his requests for findings of fact were answered "refused as an entirety"; on the record brought up, we find nothing prejudicial to appellant in these answers.

The decree appealed from is affirmed at the cost of appellant.

DISSENTING OPINION BY KELLER, J:

It appears that at the time of the sheriff's sale of the property in dispute and its purchase by Albert C. Keal, and for many years prior thereto, a water right had existed in favor of William Keal, the appellant, to the use of so much of the water of the spring located thereon as was conveyed by a pipe from the spring to his home adjoining the land in dispute. The agreement calls for the conveyance of the entire property which was purchased

Dissenting Opinion.     [83 Pa. Superior Ct.

at sheriff's sale and, while this includes the legal title to the spring, it is no warrant for extinguishing the water right which William Keal had enjoyed for many years prior thereto.

I would modify the decree by ordering a conveyance of the property purchased at the sheriff's sale but preserving to William Keal, the appellant, his right to the use of the water from the spring as he had enjoyed it for many years prior to such sale.

Judge HENDERSON joins in this dissent.