### Morris v. Connellan

*Karl W. Johnson,* for plaintiff.
*William C. Alexander,* for defendant.

FRONEFIÉLD, P. J., January 4, 1935.—This is a rule of the plaintiff on the defendant, Francis Connellan, to show cause, in an action of ejectment, why judgment on the pleadings should not be entered against the defendant.

The plaintiff issued her summons in ejectment against three defendants and filed her declaration with an abstract of title under which she claimed possession of certain lands situate in the Borough of Aldan in Delaware County. The summons was served upon Francis Connellan, who filed his answer showing his right of possession. The other defendants were not served with the writ, nor have they appeared.

The plaintiff claims the right to recover possession as the assignee of a mortgage upon the disputed premises. It appears from the declaration and abstract of title that the defendants, Mary N. Wilson and Helen Wilson Atwater, who were not served with the writ, have been the owners of said property since October 12, 1929; that

when they procured the title, it was subject to a mortgage given by J. Chester Wilson and Annie M., his wife, to The Land Title & Trust Company et al., trustees, dated January 12, 1922, payable at the expiration of three years from the date thereof and recorded at Media on January 14, 1922, in Mortgage Book 474, page 352, which mortgage conveyed "the reversions and remainders, rents, issues, and profits" of the said property to the mortgagee. This mortgage was assigned on June 20, 1934, to Miriam Morris, the plaintiff, who brought this action in ejectment three days later, and under this mortgage the plaintiff claims the right to possession of said premises. The plaintiff claims that the defendant Connellan is occupying the premises without right and without claim of title and refuses to give up possession of the premises to the plaintiff.

The defendant Connellan answers that he holds possession of said premises under a lease, dated January 31, 1934, for one year from February 10, 1934, and that he has paid his rent as provided in the said lease. He further "avers that from information received he has reason to believe and does believe that the said Miriam Morris is only a straw person and that she has title to said mortgage for Mary Neill Wilson and Helen Wilson Atwater, the remaining two defendants, . . . and that title to said mortgage was taken by the said Miriam Morris for the purpose of issuing the ejectment writ which was issued on June 23, 1934, one day after the assignment of mortgage was placed on record and five months after the execution of the lease to your defendant; . . . that the said mortgage was assigned to the said plaintiff, Miriam Morris, as a straw person for the sole and only purpose of getting possession of said premises for the said Mary Neill Wilson; that the said Mary Neill Wilson has sold said premises and desires possession of it so that she may transfer the title."

The defendant "denies that plaintiff has demanded possession of the premises from the defendants, Mary

Neill Wilson and Helen Wilson Atwater, the real owners; . . . that these proceedings and the assignment of the mortgage are a fraud on the defendant; . . . that the defendant has a verbal agreement to buy the said property, with a down payment, provided the purchase be made on or before the expiration of his term of said lease."

There is no reason given in the rule for judgment, nor is there an allegation that the plaintiff demanded payment of the rent from the defendant or that the defendant is in arrears in payment of his rent.

While one of the remedies open to a mortgagee after default is ejectment: Bulger v. Wilderman et al., 101 Pa. Superior Ct. 168; Randal v. Jersey Mortgage Investment Co., 306 Pa. 1; nevertheless, the mortgagee in such action does not obtain the full title to the property, but only the right of possession, until such time as the rents and profits therefrom are sufficient to pay his debt, after which time the mortgagor is entitled to have back his possession and he, in turn, may recover it by ejectment: Bulger v. Wilderman et al., supra. This same result could be reached by the mortgagee serving a notice on the tenant to pay rent to him, followed by such payment. It would seem, therefore, that it would only be necessary for the mortgagee to bring ejectment if the tenant refused to make payment to him or if, the lease being subsequent in time to the mortgage, he desired to disaffirm the lease for some purpose such as obtaining a greater revenue from the property. This remedy of the mortgagee would, no doubt, also be available to a bona fide assignee of the mortgagee, but it would be inequitable to permit it in favor of the mortgagor or terre-tenant, should the mortgage be assigned to him, because such an action, if permitted, would enable him to violate a covenant contained in the lease.

When the owner of a property leases it, either in writing or by parol, he impliedly covenants for the quiet enjoyment of the property by the tenant, and if the tenant

is evicted before the end of his term through the act of the lessor the tenant is entitled to damages: Maule v. Ashmead, 20 Pa. 482; Peters v. Grubb, 21 Pa. 455. This covenant for quiet enjoyment protects the tenant not only from direct acts of the lessor but also from those of persons holding a paramount title: Trimmer v. Berkheimer, 61 Pa. Superior Ct. 269, 277; Dobbins v. Brown et al., 12 Pa. 75; Moore y. Weber, 71 Pa. 429; Barns v. Wilson, 116 Pa. 303. It follows that, when a tenant leases a property which is at that time subject to a mortgage, the lease does not affect the rights of the mortgagee: Martin v. Jackson, 27 Pa. 504, 510. Nevertheless, the lessor is liable in damages to the tenant if the mortgagee asserts his rights to put the tenant out of possession. Accordingly, if the lessor becomes the holder of the mortgage, an exercise of the right of possession will, at the same time, subject him to a liability for so doing, as it also will if he has the action brought in the name of another.

The averments in the answer, that the assignee of the mortgage holds it as a straw person for the owners of the property for the purpose of getting possession from their lessee, are equivalent to stating that the owners of the property are also the equitable owners of the mortgage. We feel that this fact, if proved, would be a complete answer to the plaintiff's action.

While it is true that a mortgage, when paid, may, as between the parties, be kept alive for other purposes, nevertheless such a situation is of no validity as to creditors and third parties whose rights have intervened: Loverin, Hall & Co., to use, v. Humboldt Safe Deposit & Trust Co., to use, 113 Pa. 6; Salvin et al., Execs., v. Myles Realty Co. et al., 227 N. Y. 51.

In Kelley, Admx., v. Jenness et al., 50 Me. 455, 463, Jenness made a deed of mortgage to Kelley to secure his note for $8,000. The deed of mortgage contained the usual covenants of a general warranty. At that time the

property was subject to a prior mortgage created by Clark, a prior title holder, to Blake. Subsequently Jenness took an assignment of this mortgage from Blake. Kelley filed a bill in equity to have the first mortgage discharged as to him. In the course of its opinion the court said:

"Equity would treat it as paid and discharged as to Kelley, on the simple principle that a person purchasing in and taking the assignment to himself, of an incumbrance which he was himself under an obligation to discharge, acquires in equity no title against one to whom he was bound to remove the incumbrance."

In the instant case, the lessor was not bound to remove the encumbrance, but he was bound, by reason of his covenant for quiet and peaceful enjoyment, to protect the lessee from eviction because of the encumbrance.

Where a vendor, who has undertaken to sell a full title for a valuable consideration when he has less than a fee simple, afterwards acquires the fee, it is held that he holds it in trust for his vendee and will be decreed to convey it to his use: Clark v. Martin, 49 Pa. 299; Farmakis v. Crown, 271 Pa. 140. As is pointed out in an elaborate annotation in 58 A. L. R. 345, most jurisdictions follow this rule because of the covenant of general warranty contained in the deed. Pennsylvania, however, seems to rest its decisions on the principle that to hold otherwise would be to perpetrate a fraud on the grantee: See 58 A. L. R. 429. Although the lessor in the present case does not convey a full title to the lessee, he does convey an estate for a definite term, subject to a prior encumbrance in the form of a mortgage, and if he subsequently acquires the mortgage, either in his own name or in the name of an agent, equity should treat him as a trustee for the benefit of his lessee until the expiration of the lease.

Were it not for the fact that the defendant's answer does not comply with the requirements, we would discharge the plaintiff's rule for judgment. However, the

answer should have attached to it a copy of the lease upon which he relies, and he should also file a plea as required by our Rule of Court 172. If the defendant files an amended answer correcting those defects the plaintiff's rule will be discharged; otherwise it will, upon petition to the court, be made absolute.

### Order

And now, to wit, January 4, 1935, upon the defendant's filing, within 15 days, a plea and a supplemental answer, attaching a copy of the lease under which he claims possession, the rule for judgment, upon motion, will be discharged; otherwise, upon motion, it will be made absolute.